UNITED STATES of America,
Plaintiff,

v.

Charles Lee MASON, Defendant.

Crim. A. No. 22306.

United States District Court
W. D. Missouri, W. D.

Oct. 9, 1967.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., for plaintiff.

J. Whitfield Moody, and J. Arnot Hill, Legal Aid and Defender Society of Greater Kansas City, Kansas City, Mo., for defendant.

ORDER DENYING MOTIONS FOR JUDGMENT OF ACQUITTAL AND IN THE ALTERNATIVE FOR A NEW TRIAL

BECKER, Chief Judge.

The defendant was convicted by a jury of attempting to take from the person and presence of Anne Hudson, a teller, $500 in money belonging to or in the care, custody, control, management, or possession of the Commerce Trust Company of Kansas City, Missouri, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Section 2113(a), Title 18, United States Code. At the close of the evidence on the part of the prosecution and again at the close of all the evidence, the defendant filed a motion for a judgment of acquittal. Both motions for a judgment of acquittal were denied. These motions were renewed in accordance with Rule 29(c), F.R.Crim.P., by a post-verdict motion for a judgment of acquittal. The defendant has moved in the alternative for a new trial. The post-verdict motion for a judgment of acquittal and the alternative motion for new trial will be denied.

*Grounds of Motion for Judgment
of Acquittal*

The motion for judgment of acquittal is based upon the contention that the Government failed to prove beyond a reasonable doubt the sanity of the defendant after the issue had been raised by witnesses for the defense. In support of this contention the defendant relies primarily upon McKenzie v. United States (C.A.10, 1959) 266 F.2d 524, and United States v. Westerhausen (C.A.7, 1960) 283 F.2d 844. On the questions of the burden of proof (burden of non-persuasion) and of the burden of going forward with the evidence in a federal criminal case in which insanity is asserted as a defense, the defendant relies upon the following cases: Pope v. United States (C.A.8, 1967) 372 F.2d 710; Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499; Dusky v. United States (C.A.8, 1961) 295 F.2d 743, cert. den. 368 U.S. 998, 82 S.Ct. 625, 7 L.Ed.2d 536; and McDonald v. United States (1962) 114 U.S.App.D.C. 120, 312 F.2d 847.

At the trial all of the legal contentions of the defendant concerning the standards of insanity at the time of the commission of the offense were sustained and applied. Instructions were given to the jury which declared the law in accordance with the contentions made by the defendant here. In the post-verdict motions, no error is alleged in the charge to the jury.

*The Submissibility of the Defendant's
Sanity at the Time of the Commission of the Offense*

The only contention of the defendant which was not sustained which is now asserted in the motion for judgment of acquittal is the contention that the Government failed to produce sufficient evidence of sanity to make that issue submissible to the jury. As noted above, the defendant relies upon the *McKenzie* and *Westerhausen* cases. These cases are excellent expositions of the law applicable to the facts of those cases. But they are inapplicable in this case because the facts in this case are substantially different from the facts in those cases.

In this case the defendant produced substantial opinion evidence that the defendant was not mentally responsible at the time of the commission of the alleged offense. This opinion evidence, however, was based upon hypotheses of facts, some of which were sharply controverted. A number of the factual hypotheses, on which this opinion evidence of the defendant was based, depended upon the credibility of the defendant himself. This credibility question leads to the conclusion that the evidence offered by the defendant on the issue of his insanity at the time of the commission of the alleged offense was not so overwhelming that the defendant was entitled to a directed verdict on this issue. This is not a case in which reasoning minds could not differ on the question of proof beyond a reasonable doubt of defendant's sanity at the time of the commission of the alleged offense.

This conclusion leads to the critical question, namely, whether the Government produced substantial evidence of defendant's sanity at the time of the commission of the alleged offense which would warrant a jury verdict that the Government had met the burden of proof of defendant's sanity beyond a reasonable doubt.

The Government produced substantial evidence that, at the time of the commission of the alleged offense, the defendant was not insane under the standards of the controlling law. This evidence sharply and directly contradicted some of the principal factual assumptions of defendant's expert witnesses concerning the defendant's mental and physical condition prior to, during, and immediately after the commission of the alleged offense. The Government also produced opinion evidence of a resident psychiatrist at the Psychiatric Receiving Center that when he saw the defendant three days before the alleged offense, defendant was downcast, dejected, and depressed, but that he was in touch with reality. This opinion is material even though it fell

short of an opinion on the precise issue of criminal responsibility at the time of the commission of the alleged offense.

■ The Government offered opinion evidence of Dr. Rinck, a psychiatrist who had treated the defendant from time to time over a period of four years at a mental hospital maintained by the State of Missouri. His diagnosis was that the defendant possessed a sociopathic personality and was addicted to alcohol. Again this evidence as not precisely on the issue of mental responsibility at the time of the commission of the alleged offense, but when this evidence is considered with the very substantial evidence from lay witnesses for the prosecution that he appeared to be in full possession of his mental faculties before, during, and after the commission of the alleged offense, the jury could reasonably find, as it did, that the Government had sustained the burden of proving the defendant's sanity at the time of the commission of the alleged offense. Cf. Dusky v. United States (C.A.8, 1961) 295 F.2d 743, cert. den. 368 U.S. 998, 82 S.Ct. 625, 7 L.Ed.2d 536.

### The Privilege Question

In rebuttal the Government offered in evidence the testimony of two psychiatrists, Doctors Rinck and Jones, and offered evidence from the record of hospitalization of the defendant. In his motion for new trial, the defendant alleges error in admitting in evidence over the defendant's objections the hospital records pertaining to the defendant's treatment in the Missouri State Hospital and the Western Missouri Mental Health Center.

■■ In a criminal case the rules of evidence, competency, and privileges of witnesses are determined according to the federal common law. Rule 26, F.R. Crim.P. In the view of some courts this federal common law gives full effect to state privileges. Wright on Federal Courts, Section 93; Louisell, Confidentiality, Conformity and Confusion: Privileges in Federal Court Today, 31 Tul.L.Rev. 101 (1956). This question was fully explored at trial before the ob-

jection of the defendant was overruled. It was then determined that, under the circumstances existing at the time the evidence was offered, the claim based on state privilege should be denied under state law because it had been waived by defendant. Cf. State v. Sapp, 356 Mo. 705, 203 S.W.2d 425, l. c. 429; State v. Cochran, 356 Mo. 778, 203 S.W.2d 707, l. c. 711. It was further determined that, under principles of federal common law, whatever state or federal privileges existed were waived when defendant put in issue his insanity and called witnesses to testify upon his lack of mental responsibility based in part upon his medical history. Pope v. United States (C.A.8, 1967) 372 F.2d 710. Therefore the admission of the evidence was proper and the motion for new trial should not be sustained on this ground.

### Failure to Strike the Testimony of the Witness Hudson

■ The teller, Anne Hudson, was called as a witness. The defendant established that she had testified before the grand jury and demanded the production of a transcript of her grand jury testimony. No proof was offered that any record of this testimony had been made. On the contrary, it appeared that the witness' testimony before the grand jury had not been reported or transcribed. The defendant then moved to strike the testimony of the witness Hudson under Rule 16(a) and Section 3500 of Title 18, United States Code. The authorities do not sustain the position of the defendant in this regard. See Thompson v. United States (C.A.10, 1967) 381 F.2d 664; Campbell v. United States (C.A.10, 1966) 368 F.2d 521; United States v. Hensley (C.A.6, 1967) 374 F.2d 341 cert. den. 388 U.S. 923, 87 S.Ct. 2139, 18 L.Ed.2d 1373; and United States v. Cianchetti (C.A.2, 1963) 315 F.2d 584. Therefore, this assignment of error is without merit.

For the foregoing reasons, it is

Ordered that the defendant's motion for judgment of acquittal or in the alternative motion for a new trial be, and they are hereby, denied.