Ernest Lindberg **EDMONDSON,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 9929.

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1968.

Elmore A. Page, Tulsa, Okl., for appellant.

Givens L. Adams, Asst. U.S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U.S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a judgment of conviction following a jury verdict. The indictment, containing two counts, charged appellant with entering the First National Bank of Nash, Oklahoma, with intent to commit a felony (18 U.S.C. § 2113(a)) and with stealing money from the same bank (18 U.S.C. § 2113(b)).

The evidence, although largely circumstantial, presented a strong case against appellant. Briefly, it showed the burglary of the bank on the night of July 6, 1967. The burglary was discovered by the Vice President of the bank when he arrived the following morning. The front door was slightly ajar, the vault door had been cut open and $380.57 was missing. Included were two rolls of quarters each in a different colored wrapper than the other money taken and marked with the initials of Mr. Jones, one of the officers of the bank. Various law enforcement officers, including Agents Kelley and Oxford of the F.B.I. were notified and soon arrived at the scene. Agent Oxford took samples of magnetic metal slag and insulation found inside the vault. These officers learned that on July 4, 1967, at about 5:30 a.m. a resident of Nash, one Greggs, had observed a bronze colored car driving around the streets adjacent to the bank and had written down the license tag number of the strange car, which the officers obtained. The officers also learned that the automobile bearing this tag number was registered in the name of appellant. Much other investigative work was undertaken during the day of July 7 by these two agents and other law enforcement officers.

Appellant was personally known to Kelley as a person with three prior burglary convictions and as an associate of persons involved in bank burglaries and investigations. Kelley also learned that appellant's automobile had not been parked in its normal and usual location in front of appellant's residence in Nowata, Oklahoma, during the early morning of July 4. With all of this information at hand Agent Kelley at approximately 1:00 o'clock a.m. on July 8 obtained a warrant from the United States Commissioner in Tulsa, Oklahoma, to search appellant's automobile. The warrant was executed about 8:10 o'clock a.m. of that day. Many rolls of wrapped coins and some loose coins were found in a felt hat in the left rear portion of the car. Among the rolls of wrapped coins were the two rolls of quarters in different colored wrappers and each bearing the initials of the bank officer at Nash. Various items of clothing found in the car were seized by Kelley along with the coins. Upon examination in the F.B.I. Laboratory in Washington, D.C., it was determined that several items of the clothing found in the car contained lumps of insulation identical to the insulation found in the bank vault. Other items of clothing contained particles of magnetic metal slag which was identical to the magnetic metal slag found in the bank vault. A pair of brown canvas crepe ridge-type soled shoes was found in the car and the evidence showed footprints in the bank vault made by this type of shoe sole.

Evidence on behalf of the defense consisted of five witnesses, including appellant's wife, all in support of an alibi to establish that appellant was in Nowata on the night of the bank burglary and on July 4 when the strange car was seen in Nash. There was also testimony that appellant had loaned his car to an anonymous and undescribed individual on the nights of July 3 and 6.

■ Appellant was indicted by a grand jury and the testimony before that body had not been recorded. Prior to trial counsel for Edmondson moved to require the United States to produce "the minutes of all testimony taken before the Grand Jury * * * and to produce all documentary evidence presented to that Grand Jury." The trial judge ordered "that defendant is entitled to inspect the minutes of the Grand Jury, but is not entitled to know the names of the witnesses appearing before that body. The Court further finds that no documentary evidence was produced before the Grand Jury, nor was a court reporter present to record testimony." Appellant's first point here attacks the trial judge's ruling denying him a transcript of the grand jury testimony. This question, under these facts, has been answered by this court in numerous cases since Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Our cases hold that the recording of grand jury evidence is not required [1] and if it has not been recorded there is nothing for the government to disclose.[2] No such transcript was available in this case because the evidence before the grand jury was not recorded and the trial judge correctly denied appellant's motion to produce this evidence.

■ Appellant urges error in the denial of his request for the names of the witnesses that the Government intended to use in the trial. Likewise, this question has been settled by many cases from this and other Circuits.[3] No further discussion is necessary.

Prior to the trial appellant filed a motion to suppress the evidence obtained in the search of his automobile on July 8, 1967. It was asserted that the affidavit filed by Agent Kelley was insufficient to sustain the warrant resulting therefrom.

The trial court denied the motion and the evidence was subsequently introduced at the trial. We are thus faced with the contention that the affidavit failed to demonstrate the requisite probable cause and thereby rendered the warrant invalid, the search unlawful and the evidence obtained inadmissible.

The affidavit stated essentially that on July 6, 1967, the bank in Nash, Oklahoma, had lost $380.57 in coins as the result of a burglary perpetrated by certain persons who had gained entry by forcing the front door before using an acetyline torch to open the vault; that residents of that community had observed a late model automobile bearing a 1967 Oklahoma License No. RG9162 in the vicinity of the bank at 5:30 a.m. on the morning of July 4, 1967; that the vehicle license number was registered in the name of the appellant who was known to the affiant as a thrice convicted burglar who associated with others of similar character; that the affiant had verified that the automobile in question was not at the appellant's residence on the 4th or 5th of July; and that residents of Nash, Oklahoma, indicated that a man answering the description of appellant had been in the automobile on July 4, 1967. In short, the affidavit indicated that the affiant had been informed by local residents that a car registered to a known burglar had been seen in the vicinity of a bank at an unseemly hour two days before the bank was burglarized and that the affiant had verified the fact that the automobile was not at the residence of the known burglar at the time it was reportedly in the vicinity of the bank.

■ At the outset it is to be noted that searches made pursuant to a warrant are much preferred over the hurried actions of police officers acting without

---

1. Wyatt v. United States, 388 F.2d 395 (10th Cir. 1968); Thompson v. United States, 381 F.2d 664 (10th Cir. 1967); and McCaffrey v. United States, 372 F.2d 482 (10th Cir. 1967).

2. Melton v. United States, 398 F.2d 321, 322 (10th Cir. 1968); Welch v. United States, 371 F.2d 287, 294 (10th Cir.

1966); and Campbell v. United States, 368 F.2d 521, 522 (10th Cir. 1966).

3. Thompson v. United States, 381 F.2d 664 (10th Cir. 1967); Cordova v. United States, 303 F.2d 454 (10th Cir. 1962); Dean v. United States, 265 F.2d 544 (8th Cir. 1959); Moore v. Aderhold, 108 F.2d 729 (10th Cir. 1939).

benefit of the deliberate determinations of a neutral magistrate. In fact, in a doubtful or marginal case a search under a warrant may be sustainable where without one the search would fall.[4] Nonetheless, in reviewing the propriety of such a search, the requisite probable cause must be found and it must be demonstrated solely by the information brought to the attention of the magistrate.[5] It is essential then that the facts as set forth in the underlying affidavit clearly substantiate the action taken, for although the reviewing court will pay substantial deference to the judicial determination rendered, "the magistrate [must] perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police."[6] Consequently probable cause cannot be established by affidavits which are purely conclusory and merely state that the affiant or his informant believe that probable cause exists. It is permissible, however, for the affidavit to be based upon hearsay if the magistrate is informed of the underlying circumstances from which the affiant concludes that the hearsay is credible.[7]

■ After a careful application of the principles enunciated above, we conclude that the warrant was validly issued. Appellant stresses the fact that the affidavit is based in part upon hearsay information furnished by the residents of Nash, Oklahoma. Recognizing that reliance upon hearsay is permissible, appellant nevertheless urges that there is nothing in the affidavit attesting to the reliability of the Nash residents or the credibility of the information they supplied. It is true that the affiant did not indicate in the usual manner that the informants were reliable. It is also true that these were not paid informers, hence there were no past tips or other dealings with the Nash residents with which to establish their reliability as is the case with the common police informant. However, other underlying circumstances were presented to provide "a substantial basis for crediting the hearsay."[8] The hearsay information was verified by the fact that the automobile described was shown to have been missing from the appellant's residence at the time it was reported to be in the vicinity of the bank. Furthermore, the license number of the vehicle was discovered to have been issued to a known burglar whose propensity for being in the vicinity of banks at unseemly hours and for associating with others of like inclination was well established. This was sufficient to corroborate the hearsay thereby constituting an adequate basis for sustaining its credibility.

■ Appellant would argue that even though the hearsay had been verified, the facts as set forth in the affidavit fail to establish probable cause for the search of the automobile. Probable cause for the issuance of a search warrant exists where the circumstances as demonstrated by the underlying affidavit are such as would cause a man of reasonable prudence to believe that the property to be searched is likely to contain the items sought in connection with the related criminal act.[9] It is apparent from the summary of the affidavit previously recited that the affidavit shows ample factual substance to establish probable cause and allow the magistrate to issue the

4. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

5. Aguilar v. State of Texas, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

6. Id., 378 U.S. at 111, 84 S.Ct. at 1512.

7. United States v. Ventresca, 380 U.S. at 108, 85 S.Ct. 741; Aguilar v. Texas, 378 U.S. at 114, 84 S.Ct. 1509; and Jones v. United States, 362 U.S. at 269, 80 S.Ct. 725. See, Schutz v. United States, 395 F.2d 225 (10th Cir. 1968); and Annot., 10 A.L.R.3d 359 (1966).

8. Jones v. United States, 362 U.S. at 272, 80 S.Ct. at 736.

9. McCray v. State of Illinois, 386 U.S. 300, 304, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); Schutz v. United States, 395 F. 2d 225 (10th Cir. 1968) and United States v. Cefaratti, 91 U.S.App.D.C. 297, 202 F.2d 13 (1952), cert. den. 345 U.S. 907, 73 S.Ct. 646, 97 L.Ed. 1343.

search warrant. When a magistrate has found probable cause this court will not invalidate the warrant by interpreting the affidavit in a hypertechnical manner.

Appellant attacks the sufficiency of the evidence to support the conviction. As we indicated above, from a careful reading of the record, a strong circumstantial evidence case is shown. In our discussion of other points we have set out substantially the strong evidence we refer to and this opinion need not be unduly lengthened by any additional reiteration.

We have likewise thoroughly considered the remaining contentions of the appellant. These points are so patently lacking in merit as to obviate the need for further discussion.

Affirmed.