**Ernest Lindberg EDMONDSON,**
Appellant,

v.

**The UNITED STATES of America,**
Appellee.

No. 326–70.

United States Court of Appeals,
Tenth Circuit.

Dec. 31, 1970.

Donald G. Freeman, Oklahoma City, Okl., for appellant.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for appellee.

Before LEWIS, Chief Judge, and McWILLIAMS, Circuit Judge, and BRATTON, District Judge.

PER CURIAM.

This is an appeal from the denial of his motion pursuant to 28 U.S.C. § 2255 filed with the sentencing court by Ernest Lindberg Edmondson.

The court below denied the motion without a hearing on the ground that the issue raised had been disposed of on the direct appeal from Edmondson's 1967 conviction for entering and stealing money from the First National Bank of Nash, Oklahoma. Edmondson v. United States, 402 F.2d 809 (10th Cir. 1968).

On his direct appeal, Edmondson's primary contention was that evidence introduced at trial was illegally seized pursuant to an invalid search warrant issued upon an affidavit lacking in a proper showing of probable cause. This Court reviewed the contents of the affidavit and found, under the applicable legal principles, that the warrant was validly issued.

In support of his present motion, Edmondson argues that a change in the law subsequent to this Court's opinion on his direct appeal has overruled the prior decisional law upon which its opinion was based. His claim is that, just two months after his conviction was affirmed in Edmondson v. United States, *supra*, the Supreme Court decided Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), in which were explicated the tests set forth in Aguilar v. Texas, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed.2d 723 (1964), and which, he claims, now establishes the invalidity of the affidavit and therefore the warrant in his case.

*Aguilar* was decided before this Court's decision on Edmondson's appeal of his conviction, and the principles of that decision were applied to the facts of his case. In *Spinelli*, the Court tested the affidavit against the standards set forth in *Aguilar* and did not enunciate any new principles which would now make a decision in the present case as to the sufficiency of the affidavit any different than when it was decided upon direct appeal from Appellant's conviction.

Affirmed.