**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**James Henry HAMPTON, Defendant-Appellant.**

**No. 71–1130.**

United States Court of Appeals, Tenth Circuit.

Feb. 22, 1972.

Rehearing Denied April 3, 1972.

John C. Moran, Oklahoma City, Okl., for defendant-appellant.

Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

Before JONES *, HILL and BARRETT, Circuit Judges.

JONES, Circuit Judge.

The appellant, James Henry Hampton, was convicted before a jury of a violation of 18 U.S.C.A. § 2314 under an indictment which charged that he caused to be transported in interstate commerce from Oklahoma City, Oklahoma, to St. Louis, Missouri, a falsely made and counterfeit security, to-wit: a counterfeit cashier's check of Southside National Bank, St. Louis, Missouri, in the amount of $500, numbered S0062, payable to Wesley Gene Smith and signed Geo. B. Keller. Hampton appeals from his conviction and sentence.

Early in his opening statement the prosecuting attorney began to outline at length and in detail the testimony which he expected to elicit from his first witness. He stated that it was not known whether this witness could identify the person who cashed the check. Counsel for Hampton then objected on the ground that if the witness couldn't "identify him," the reference in the opening statement was improper. The court overruled the objection, admonished Government counsel not to go through all of the testimony of all of

* Of the Fifth Circuit, sitting by designation.

his witnesses but to relate generally what the evidence would be.

The prosecuting attorney, without following the court's direction or suggestion, whichever it was, but in the absence of objection, proceeded to outline in detail the testimony he expected to produce from four other witnesses, named by him, who would testify as to specified acts and incidents constituting the elements of the offense charged in the indictment by the cashing of the check at the Shepherd Mall State Bank in Oklahoma City, Oklahoma. The prosecutor then outlined what he expected to prove by another witness who would, the prosecutor said, testify as to the presenting of another and similar counterfeit cashier's check at a Sears Roebuck store in Oklahoma City.

The prosecutor started to outline the testimony of another witness whom he intended to call to give evidence with respect to the cashing of a cashier's check at the Sears store by the defendant. The attorney for Hampton interposed an objection on the ground that evidence was not admissible to prove a separate offense not set forth in the indictment. The objection was overruled. The counterfeit cashier's check cashed at Sears Roebuck and the evidence relating to its negotiation were received in evidence over the objection of Hampton's counsel.

Among the instructions to the jury was the following:

In this connection, you are instructed that this evidence [of the cashier's check cashed at Sears Roebuck] is admitted only for the purpose of showing guilty knowledge, motive, plan or system of operation, and does not in any wise prove the guilt or innocence of the defendant in this action, and you are not to consider it for such purpose, but only for the purpose herein stated in this instruction and to allow you to attach such weight, if any, you might attach to such evidence.

Hampton objected to the foregoing portion of the court's charge.

Upon appeal Hampton asserts that the trial court erred in permitting the prosecuting attorney to outline in detail the separate offense of cashing the check at Sears Roebuck, in the admission of evidence of the separate offense, with a further objection to the instruction relating to the so called separate offense.

■■■ The trial court may, in the exercise of its discretion, control the scope and extent of the opening statement. 88 C.J.S. Trial § 161a, p. 311 et seq. In the proper exercise of that discretion, the trial court of its own motion, admonished counsel to refrain from outlining in detail the expected testimony of witnesses for the prosecution. Although the prosecutor ignored the court's direction, there was no objection to the outlining of the testimony. The error, if such it was, was not preserved and we cannot say that plain error was present.

■■■ The objections of Hampton at the trial level and before this Court are directed to the cashier's check negotiated at Sears Roebuck; first, in outlining such testimony in counsel's opening statement, next in the admission of such testimony and finally in the instruction relating to such testimony. This evidence was admissible and reference to it in the opening statement was not improper, although we do not approve the detailed recital of the opening statement. Such evidence may be received for the purposes set forth in the quoted instruction of the court. This Court has succinctly stated the rule in this language:

"Evidence of other offenses is admissible if it tends to show guilty motive, intent, knowledge, identity, plan, scheme, or course of conduct on the part of the accused." Moran v. United States, 10th Cir. 1968, 404 F. 2d 663, 667.

The stated doctrine was applied in United States v. Coleman, 10th Cir. 1969,

410 F.2d 1133. It is relevant here. The nearness in time and area of the cashing of the two checks, their identical substance and the identity of Hampton in negotiating both of them establishes the applicability of the stated principle.

The judgment and sentence of the district court should be and is affirmed.

This decision is not in conflict with United States v. Burkhart, 10th Cir. 1972, 458 F.2d 201, where the factual situation distinguishes it from the case here decided.

Affirmed.