**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dennis PENNICK, Defendant-Appellant.**

**No. 73–1823.**

United States Court of Appeals, Tenth Circuit.

Argued May 13, 1974.

Decided July 30, 1974.

Stephen K. Lester, Asst. U. S. Atty. (Robert J. Roch, U. S. Atty., and Benjamin L. Burgess, Jr., and Monti L. Belot, Asst. U. S. Attys., on the brief), for plaintiff-appellee.

Lawrence E. Curfman, Wichita, Kan., (Dennis L. Gillen and Weigand, Curfman, Brainerd, Harris & Kaufman, Wichita, Kan., on the brief), for defendant-appellant.

Before LEWIS, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

In a two count indictment Dennis Pennick was charged with distributing heroin in Junction City, Kansas, on September 12 and 29, 1972. Count I pertained to the first named date, and Count II to the latter date. The indictment was not returned till March 21, 1973, and Pennick was thereafter arrested on March 25, 1973.

Prior to trial, Pennick's counsel sought to compel the Government to identify the persons it intended to call as witnesses. In this regard Pennick's counsel particularly requested that the Government identify any informer who was to be called as a Government witness. This request the trial court denied. In this general connection it should be noted that by order of the court the Government did specify the approximate time of day when each of the offenses charged was supposed to have been committed, and it also identified the place where the transactions occurred, which was Pennick's residence.

Upon trial to a jury Pennick was convicted on both counts, and he now appeals. Two grounds are urged for reversal: (1) Refusal of the trial court to compel the Government to identify its witnesses prior to trial, including any witness who might be an informer, and (2) error by the trial court in admitting evidence of other transactions by Pennick which tended to show the commission of crimes other than those charged in the indictment, and in permitting

counsel to comment on such evidence in his opening statement. In our view, neither of these matters requires a reversal, and we therefore affirm.

As indicated, Pennick was not charged with a sale, as such, of heroin, but in each count, based on a separate and distinct transaction, he was charged with knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1). The one to whom the heroin was allegedly "distributed" was not identified in the indictment, not even by a "John Doe" designation.

The Government's evidence showed that a Government drug agent, and his informer, went to Pennick's home in Junction City, Kansas, on two separate occasions in September 1972. On each occasion the informer was searched and, after being given money by the agent, the informer proceeded to gain admission to Pennick's house, the informer and Pennick being friends. The informer was called as a Government witness and his testimony was that on each occasion he bought heroin from Pennick which he later turned over to the Government agent.

■ As above mentioned, Pennick first contends that the judgment should be reversed because of the refusal of the trial court to compel the Government to identify its witnesses by way of pretrial discovery, particularly as concerns any witness who was also an informer. In thus arguing counsel relies primarily on Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). We believe Roviaro to be distinguishable on the facts, and under the circumstances here disclosed we find no error in the refusal of the trial court to compel the Government to disclose in pre-trial discovery its witnesses, including the identity of an informer who ultimately did testify upon trial.

Section 3432, 18 U.S.C., provides that a person charged with treason or other capital offense shall be furnished at least three days prior to trial with a list of the witnesses to be produced at the trial for proving the indictment. The statute has been construed as meaning that in a noncapital case a defendant is not entitled as a matter of right to a list of the Government's witnesses in advance of trial. United States v. Eagleston, 417 F.2d 11 (10th Cir. 1969); United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969), and Edmondson v. United States, 402 F.2d 809 (10th Cir. 1968). In the instant case the informer was a Government witness and did appear and testify upon trial, submitting himself to examination and cross-examination, a fact which we deem to be significant. In other words, we are not here concerned with an informer who does not appear on trial as a Government witness, and who conceivably could be helpful to the defendant in his defense. So, the informer in the instant case being himself a Government witness, under the general rule cited above Pennick was not entitled to learn the identity of the informer, or any other Government witness, prior to trial.

Counsel argues that while Pennick may have no right to such disclosure prior to trial, the trial court in the exercise of its discretion could nonetheless order, and under the circumstances should have ordered, such disclosure, particularly when we are dealing with an informant. We do not agree with such reasoning and in our view the fact that one of the Government's witnesses was an informer weakens, rather than strengthens, Pennick's argument that he was entitled in advance of trial to a list of the Government's witnesses. As the trial court noted, informers whose identity is revealed prior to trial are often among the missing when the trial date rolls around. Let us now look at the Roviaro case.

In Roviaro the Government successfully resisted the repeated efforts of the defendant to learn the identity of the informer both before and during trial. In other words, in Roviaro the informer did not appear as a Government witness, as did the informer in the instant case. In Roviaro the Supreme Court held that

under the circumstances there disclosed the trial court committed prejudicial error "in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure." In so holding the Supreme Court nonetheless recognized a limited privilege inuring primarily to the Government, and only secondarily to the informer, to withhold the identity of a true informer in "the furtherance and protection of the public interest in effective law enforcement."

The Supreme Court in *Roviaro* stated that no fixed rule with respect to disclosure or nondisclosure could be laid down, and that the problem called for a "balancing of the public interest in protecting the flow of information against the individual's right to prepare his defense." In the instant case the trial court applied the "balancing test" referred to in *Roviaro* and took into consideration the various factors mentioned in that case, and then in the exercise of its discretion refused to require the Government to reveal the identity of its informer who all knew was to testify upon trial. In so doing the trial court did not err.

The significant difference between *Roviaro* and the instant case is that in the former the informer did not testify at trial, and in our case he did. Such ruled out the possibility that the informer's testimony could somehow be helpful to Pennick. And there is nothing in the record to indicate prejudice resulting from the failure of defense counsel to be earlier apprised of the informer's identity. Government counsel in his opening statement identified by name his witnesses, revealing at that time the name of the informant. The informant then was called as the Government's first witness and was cross-examined in great detail. There is nothing in the record to indicate that counsel was in anywise taken by surprise. There was no request for any continuance. Under such circumstances, we find no persuasive reason to depart from the aforementioned general rule that in a case of this type the Government need not disclose prior to trial the identity of any of its witnesses.

■ Pennick also urges as grounds for reversal the reference made by the prosecuting attorney in his opening statement to other transactions which, according to counsel, tended to show the commission by Pennick of crimes other than the two with which he was charged in the indictment. In this same connection counsel also assigns as error the subsequent reception into evidence, over objection, of the testimony pertaining to such other transactions. In connection therewith the trial court gave the usual precautionary instruction that Pennick was only on trial for the crimes charged in the indictment and that evidence of other transactions was being received only for the purpose of showing intent, motive, absence of mistake, and the like. Let us now examine the particular testimony which Pennick claims was inadmissible.

The Government showed that some four months subsequent to September 1972, the month when Pennick was alleged to have committed the offenses described in the indictment, the Government agent accompanied by another and different informant again went to Pennick's residence where a sale of heroin was effected. The trial court held that the lapse of four months was insufficient to render the testimony inadmissible. We find no error in this ruling. Evidence of another transaction involving a similar distribution of heroin from Pennick's home only four months after the date of the crimes charged in the indictment comes well within such cases as United States v. Parker, 469 F.2d 884 (10th Cir. 1973); United States v. Hampton, 458 F.2d 29 (10th Cir. 1972), and United States v. Burkhart, 458 F.2d 201 (10th Cir. 1972).

■ The other testimony relating to so-called other transactions came from the informer who, as indicated, testified that he bought heroin from Pennick on

two occasions in September 1972. This informer also testified, over objections, concerning his relationship with Pennick, stating, among other things, that he had known Pennick for some two years, had visited Pennick's home some forty to fifty times, and that on numerous occasions they had "passed around" and "shot" heroin. We are of the view that the relationship between the informant and Pennick was a proper subject of inquiry, whether it be on direct or cross-examination. Such evidence is really of little import in view of the nature of Pennick's defense, which was that he was a heroin addict, but was not a "distributor" of heroin. There is no error here.

Judgment affirmed.

LEWIS, Chief Judge (dissenting).

The compulsion of *Roviaro* is very clearly set out: The government's privilege to withhold disclosure of an informer's identity must give way when such disclosure is essential to a fair trial. So, too, the discretionary pretrial ruling of the trial court must probe the proper "balancing of the public interest in protecting the flow of information against the individual's right to prepare his defense." The majority opinion recognizes this test but with repeated emphasis upon the fact that *Roviaro* was concerned with a nontestifying informer and that we are presently concerned with an informer-witness completely distinguishes *Roviaro* from the case at bar and states, in effect, that the trial judge properly exercised his discretion. I submit that the government gave the trial judge no opportunity to exercise a considered judgment through its adamant refusal to disclose, with no explanation, the identity of the informer. The Assistant United States Attorney at the pretrial hearing stated:

With regard to the informant, I point out that we would claim the privilege of nondisclosure as to the informant. However, I believe that— Well, I am not going to say this, because I got in trouble last time. So, I will just say that we will say that we will claim privilege of nondisclosure as to the informant.

At the time this statement was made the prosecution knew and the trial court and defense did not know each of the enumerated facts:

1. That the cover, if any, and the identity of the informer were revealed by the government in a narcotics trial held some two months earlier wherein the informer testified.[a]

2. That the informer was the government's only witness to the charged distribution of heroin.

3. That the informer had visited with the defendant in his home at least forty or fifty times other than the dates charged in the indictment.

4. That the informer was a user and had on numerous occasions shot heroin with the defendant.[b]

Other pertinent facts are set out in the main opinion but the net result was that the government had seven months to prepare the prosecution and the defense was limited to an unprepared and exploratory cross-examination of the informer. *Roviaro* is not limited to disclosure of the identity of a potential favorable witness to the defense. Fairness, under the circumstances here considered, would seem to require disclosure of an *unfavorable* informant-witness upon whose credibility the case is solely dependent as to result.

I would so hold.

a. The court expressed deep concern about the safety of informers stating, "For instance, in the Southern District of California I heard a judge say that there is hardly any witnesses alive after their identity is divulged."

b. Nos. 2, 3 and 4 were potentially relevant to a claim of defendant to possible entrapment.