**UNITED STATES of America, Plaintiff,**

**v.**

**Charles Richard BREMER aka Charles R. Bremen, and Donna Marie Swonger, Defendants.**

**No. CR–78–00210–D.**

United States District Court,
W. D. Oklahoma.

March 16, 1979.

Larry D. Patton, U. S. Atty., by Kathleen Flanagan, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Donald Fred Doak, Oklahoma City, Okl., for defendant Charles Richard Bremer.

---

### ORDER

DAUGHERTY, Chief Judge.

Defendant Charles Richard Bremer, aka Charles R. Bremen, has filed herein a Motion for Inspection and Discovery. Although the Motion does not comply with Local Court Rule 13(e) of this judicial district, as it is not accompanied by a brief, the Court rules on Bremer's requests in said Motion as follows:

1. All evidence in the Government's possession which may be material or favorable to him.

The Government responds that it is not in possession of any evidence favorable to the Defendant at this time but that should such exculpatory evidence come to its attention, defense counsel will be notified. As defendants are entitled to disclosure by the Government of any evidence in its possession favorable to the defendants, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Bremer's request for such matter is granted.

With regard to Bremer's request for evidence in the Government's possession which may be material to him, he is entitled to pretrial discovery of documents and tangible objects pursuant to Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, if any one of three situations exists: (a) he shows that disclosure of the document or tangible object is material to his defense, (b) the Government intends to use the document or tangible object in its presentation of its case in chief, or (c) the document or tangible object was obtained from or belongs to Bremer. Accordingly, to the extent the Government has in its possession documents and tangible objects which are material to Bremer's defense, or which were obtained from him, his request for the same is granted and the Government is directed to disclose all such documents or tangible objects to Bremer or his attorney at the time and place as set out hereafter in this Order.

2. All evidence in the Government's possession which the Government intends to use to prove its case in chief.

The Government responds that it will provide a reasonable opportunity prior to trial for Bremer's defense counsel to inspect all exhibits which the Government intends to use in its case in chief during trial.

As Bremer is entitled to pretrial discovery of such matter pursuant to Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, his request for the same is granted and the Government is directed to provide Bremer or his attorney with all such items at the time and place as set out hereafter in this Order.

3. Written or recorded statements made by him or his codefendant to any agent of either the State of Oklahoma or the Federal Government.

The Government responds that it will provide Bremer prior to trial with all written and recorded statements made by him and that it does not object to providing him with copies of all statements made by his codefendant.

On this basis Bremer's request for such statements is granted and the Government is directed to disclose the same to Bremer or his attorney at the time and place as set out hereafter in this Order.

4. Statements of witnesses or records produced by witnesses that the Government does not propose to call and which tend to exculpate him or which indicate his innocence.

■ As stated above, the Government responds that it neither possesses nor has any knowledge of any materials of an exculpatory nature material to Bremer's guilt or innocence in this case, but that should such exculpatory evidence come to its attention it will notify defense counsel of its existence.

The Government's response complies with *Brady v. Maryland, supra.* Bremer's request for such material is granted to the extent that the Government is to furnish Bremer with any evidence now in its possession or which comes into its possession that is favorable to him.

■ To the extent Bremer is requesting that the Government disclose the statements of persons the Government does not intend to call at trial, the request for such statements is denied. The Government is not obliged to furnish the defense with the statements of any witnesses it does not propose to call. *United States v. Cole,* 453 F.2d 902, 905 (Eighth Cir. 1972), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972).

5. Statements made by Government witnesses to any agency of the Government or to the Grand Jury and any records produced by such Government witnesses relating to Bremer.

The Government responds that under Rule 16, Federal Rules of Criminal Procedure, Bremer is not entitled to any statements made by witnesses to federal officers and that none of the testimony before the Grand Jury in this matter was transcribed. It states that it does not object to Bremer examining the record of the vote in this case.

■ Bremer's request for the pretrial discovery of statements made by prospective Government witnesses is denied. Rule 16(a)(2), Federal Rules of Criminal Procedure, does not authorize the discovery of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500. § 3500(a) provides that statements made by prospective Government witnesses are not subject to discovery until the witness has testified on direct examination in the trial of the case. *See United States v. Moore,* 556 F.2d 479, 485 (Tenth Cir. 1977).

■ Bremer's request for statements made by Government witnesses to the Grand Jury is denied. The Government has indicated that none of the testimony before the Grand Jury with regard to this case was transcribed. There is no requirement that Grand Jury testimony be transcribed. *E. g., United States v. Evans,* 542 F.2d 805, 809 (Tenth Cir. 1977), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1124, 51 L.Ed.2d 550 (1977); *United States v. Beathune,* 527 F.2d 696, 699 (Tenth Cir. 1975), *cert. denied,* 425 U.S. 996, 96 S.Ct. 2211, 48 L.Ed.2d 821 (1976). To the extent Bremer desires to examine the record of the Grand Jury vote in connection with this case, the same is a matter of public record and by the authority of this Order said Defendant can examine the same at the office of the Clerk of this Court.

■ Bremer's request for the records produced by Government witnesses is granted to the extent the records are discoverable under Rule 16(a)(1)(C), Federal Rules of Criminal Procedure. The Government is directed to permit Bremer or his attorney to inspect and copy all such items at the time and place as set out hereafter in this Order.

6. The names and addresses of all witnesses to be produced by the Government at trial.

The Government responds that Bremer is not entitled to a list of Government witnesses prior to trial in this case.

The Court agrees with the Government. The rule is well established in this Circuit that an accused in a noncapital case is not entitled to be furnished with a list of names of prospective Government witnesses in advance of trial. *E. g. United States v. Pennick*, 500 F.2d 184, 186 (Tenth Cir. 1974), *cert. denied*, 419 U.S. 1051, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974). Bremer's request for the same is denied.

7. A detailed inventory of all items seized from him, to include a description of the item, the exact date, time and location of the seizure, the name of the individual who seized the item, and whether or not seizure was pursuant to a warrant and if so, with a copy of the warrant and return attached.

The Government's response to Bremer's motion does not address this request.

Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, provides that Bremer is entitled to inspect and copy or photograph the documents and tangible objects which are within the possession, custody or control of the Government and which were obtained from or belong to him. Bremer's request for such discovery is therefore granted and the Government is directed to permit Bremer or his attorney to inspect and copy such items at the time and place as set out hereafter in this Order.

To the extent Bremer requests additional information relating to warrants issued in connection with the seizure of the items in question, the warrants are a matter of public record and can be examined at the office of the Clerk of this Court.

8. All photographs or diagrams of the scene where the alleged motor vehicles involved herein were seized.

The Government's response does not address this request.

As Bremer is entitled to this discovery pursuant to Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, his request for these items is granted. The Government is directed to permit Bremer to inspect and copy or photograph all papers, documents, photographs, tangible objects, or copies or portions thereof, including the above request, which are within the possession, custody or control of the Government, and which are material to the preparation of Bremer's defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to Bremer. This disclosure is to take place at the time and place as set out hereafter in this Order.

Accordingly, the 22nd day of March, 1979, at 10:00 a. m. at the offices of the United States Attorney, United States Courthouse, Oklahoma City, Oklahoma, are designated as the time and place for the Government to furnish Bremer with the items it is to furnish him pursuant to this Order.