UNITED STATES of America,
Plaintiff-Appellee,

v.

Alcario Estrada ROSALES,
Defendant-Appellant.

No. 79–1489.

United States Court of Appeals,
Tenth Circuit.

Jan. 5, 1981.

Ruben Jorge Krisztal, Kansas City, Kan., for defendant-appellant.

James P. Buchele, U. S. Atty., and Roger M. Theis, Asst. U. S. Atty., Topeka, Kan., for plaintiff-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). This

cause is therefore ordered submitted without oral argument.

Following an altercation at the United States Penitentiary, Leavenworth, Kansas, appellant Alcario Estrada Rosales was charged with two counts of forcibly assaulting and resisting federal officers in violation of 18 U.S.C. § 111 (referencing 18 U.S.C. § 1114). The jury returned guilty verdicts on both counts and Rosales was sentenced to concurrent two-year terms.

Rosales asserts the trial court committed reversible error (1) by refusing to compel the government to reveal the names of prosecution witnesses prior to trial; (2) by denying a motion for mistrial based on juror misconduct; (3) by improperly admitting into evidence the felony convictions of the defense witnesses; and (4) by overruling Rosales' motions for acquittal based upon insufficiency of the evidence.

The facts surrounding the incident are in considerable dispute. The prosecution's version, introduced as eyewitness testimony by a number of prison officials, was that Rosales, a prisoner in the penitentiary, was caught drinking home brew and taken by officers to the administration segregation building. Upon arrival at segregation, Rosales refused to submit to a routine strip search. Rosales then threatened and took a swing at Officer Hyde. When officers sought to restrain and handcuff Rosales, Rosales bit Hyde severely on the wrist. The officers subdued and handcuffed Rosales. As they began to escort him to his cell, Rosales renewed his assault—in the form of kicking, spitting, and swearing— and took a second bite, this time of Officer Gerth's upper arm. While the officers were subduing him and applying leg irons, Rosales fell and suffered a laceration of his forehead.

Rosales' version, presented through his own testimony and that of other inmates, was that Rosales had not initiated the violence but instead was acting in self-defense, and that the second biting occurred in order to release a choke-hold by Officer Gerth.

**I**

On appeal Rosales first contends that the trial court erred in failing to order disclosure of the identity of government witnesses. Rosales admits that a defendant cannot obtain the witness list as a matter of right, *see United States v. Pennick*, 500 F.2d 184 (10th Cir.), *cert. denied*, 419 U.S. 1051, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974); *United States v. Baca*, 494 F.2d 424 (10th Cir. 1974), but contends the trial court abused its discretion in refusing to compel the disclosure.

The court granted Rosales' motion for disclosure as to potential prison guard witnesses, but denied it as to others, declaring that "we all understand why that might be necessary in a penitentiary because of the possible coercion against the witnesses in that regard." (R. II–18). Rosales argues this conclusion was ill-founded in view of his incarceration in segregation during trial, and additionally asserts that his preparation for trial was hampered by this nondisclosure.

We find no abuse of the trial judge's discretion. Concern for the safety of the witnesses was reasonable in view of their presence in a maximum security prison. *See United States v. Clardy*, 540 F.2d 439 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 391, 50 L.Ed.2d 331 (1976). Rosales' confinement in segregation would not guarantee the safety of the witnesses because he was still able to communicate with other prisoners. We also note the record fails to demonstrate any surprise on defendant's part regarding the testimony of the witnesses. Rosales was provided files and background material on the principal witnesses for the prosecution, the guards involved in the incident. Rosales never asked for a continuance because of a witness' testimony. These factors suggest that defendant was not prejudiced by the denial of disclosure. *See United States v. Sclamo*, 578 F.2d 888, 890 (1st Cir. 1978); *United States v. Krohn*, 558 F.2d 390, 394 (8th Cir.), *cert. denied*, 434 U.S. 868, 98 S.Ct. 207, 54 L.Ed.2d 145 (1977); *United States v. Pennick*, 500 F.2d at 187. We find no abuse of the trial judge's discretion.

## II

■ During the course of the trial, one juror visited the offices of the Federal Bureau of Investigation to see an agent he knew and was told by this agent in passing that he should find all the defendants guilty. The juror immediately reported the incident to the judge and stated that he told no other juror of the remark. Out of caution, the trial judge replaced this juror with an alternate. Rosales contends the FBI agent may have tainted other jurors and, thus, the refusal of the court to grant a mistrial or at least voir dire requires reversal. We do not agree.

■ There was no evidence to suggest that any juror other than the one dismissed heard any prejudicial statement. The question of whether to voir dire the jury was a matter for the trial court's discretion and will not be disturbed in the absence of clear abuse. *United States v. Crawford*, 444 F.2d 1404, 1405 (10th Cir.), *cert. denied*, 404 U.S. 855, 92 S.Ct. 98, 30 L.Ed.2d 95 (1971). There is nothing to indicate that any other juror heard prejudicial comments. The prejudicial remark was made to a single juror in the FBI agent's office, and the juror declared that he told no one of the remark. The decision not to question the jurors as to this prejudicial remark actually may have prevented harm and was clearly not an abuse of the trial judge's discretion. *See United States v. Corbin*, 590 F.2d 398, 401 (1st Cir. 1979).

## III

Rosales asserts that the trial court abused its discretion by admitting into evidence the criminal records of witnesses for the defense. Fed.R.Evid. 609(a)(1) provides, in this context, that evidence of crimes not involving dishonesty may be admitted if the trial court finds that its probative value on the issue of credibility outweighs its prejudicial effect to the defendant. *See United States v. Lamb*, 575 F.2d 1310 (10th Cir.), *cert. denied*, 439 U.S. 854, 99 S.Ct. 165, 58 L.Ed.2d 160 (1978). In denying a pretrial motion to prohibit introduction of the criminal records of defense witnesses, the trial

court reserved the question for individual determinations as to each witness.

■ Rosales urges that we should require a new trial because the trial court did not hold a hearing on the record on the issue of admitting the prior convictions, and did not make explicit findings as to each witness, citing *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). That court urged trial judges to utilize that procedure to preserve an adequate record for appellate review. This Circuit has not adopted such a procedure as a requirement.

■ Rosales specifically objected to the introduction of the records of defense witnesses Saffold and Moreno. Saffold's convictions included forgery and burglary; Moreno was convicted of conspiracy, illegal possession of a firearm, and violation of narcotics laws. The inmates were, of course, still serving time for the crimes. The court explicitly found as to Saffold, who testified prior to Moreno, that the probative value of the record of the convictions outweighed any prejudicial effect. (R. III–770). Concerning Moreno's record, defendant made a very general objection ("For the record, I'll make the same objection"), and the trial court merely stated that the objection was overruled. (R. III–812). There were no other specific objections to the introduction of criminal records of inmate witnesses. Even if we consider the pretrial motion as carrying over, so that no specific objection was required at the time the witnesses testified, we find no prejudicial error. We believe the proper inference is that here also the judge weighed the probative value against the prejudicial effect, the circumstances surrounding the testimony of each witness being quite similar.

The inmates' testimony directly contradicted that of the guards. Thus, evidence concerning credibility was highly pertinent to the case. *See United States v. Lamb*, 575 F.2d at 1314. These kinds of convictions would not normally suggest the special probative value on the issue of credibility contemplated by Fed.R.Evid. 609(a)(1).

The fact that the witnesses were serving substantial prison terms would give them some motivation to testify falsely in a dispute with prison guards. This fact lends probative weight to the convictions and also diminishes the otherwise likely prejudice of the admission of the prior convictions. Knowledge of these convictions added little to what the jurors already knew about the witnesses' incarceration in the federal prison. Thus, we hold the court did not abuse its discretion in admitting evidence of the convictions.

## IV

We also find no merit in Rosales' contention that there was insufficient evidence to support the jury's verdict. *United States v. Yates*, 470 F.2d 968, 970 (10th Cir. 1972), sets forth the standard for review: "Evidence, both direct and circumstantial, together with the reasonable inferences drawn therefrom, is sufficient if, when taken in the light most favorable to the government, the fact finder may find the defendant guilty beyond a reasonable doubt."

The government presented a number of witnesses who swore that Rosales initiated the altercation, bit two officers, and was met only with the force necessary to subdue him. Defendant's witnesses testified to the contrary, but they were apparently disbelieved by the jury. It is not within our power to upset the jury's verdict in these circumstances.

AFFIRMED.