**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph James OWENS, Defendant-Appellant.**

**No. 82–1804.**

United States Court of Appeals, Tenth Circuit.

Dec. 12, 1983.

Ira R. Kirkendoll, Asst. Federal Public Defender, Kansas City, Kan. (Charles D. Anderson, Federal Public Defender, Kansas City, Kan., with him on brief), for defendant-appellant.

Benjamin Burgess, Asst. U.S. Atty., Topeka, Kan. (Jim J. Marquez, U.S. Atty., and Kurt J. Shernuk, Asst. U.S. Atty., Topeka, Kan., on brief), for plaintiff-appellee.

Before SETH, Chief Judge, McKAY, Circuit Judge, and MECHEM, District Judge.*

McKAY, Circuit Judge.

Appellant, a prisoner, was convicted by a jury of conveying a dangerous weapon within the Leavenworth federal prison, in violation of Title 18 U.S.C. § 1792 (1976).

During trial, appellant sought to introduce testimony by other inmates who witnessed the altercation which resulted in the discovery of appellant's weapon and gave rise to this case. Prior to their testimony the Government requested by motion that they be permitted to cross-examine, under Rule 609 of the Federal Rules of Evidence, the inmates as to their prior criminal con-

---

* Honorable Edwin L. Mechem, United States District Judge, District of New Mexico, sitting by designation.

victions. The trial court, after reviewing the prior convictions of these inmate-witnesses, granted the Government's motion.

■ Appellant argues that the trial court abused its discretion by admitting the prior criminal convictions of its inmate-witnesses. We held in *United States v. Rosales,* 680 F.2d 1304, 1306 (10th Cir.1981), that where a trial court engages in weighing the probative value against the prejudice involved in allowing the Government to cross-examine inmate-witnesses about their prior criminal convictions, and ultimately decides in favor of such cross-examination, there is no abuse of discretion. Appellant argues that the trial court treated our decision in *Rosales* as a talisman for the proposition that where an inmate is to testify as a witness for the defense, his prior criminal record is automatically admissible. Clearly, this is not the teaching of *Rosales. Rosales* requires that the trial court engage in weighing the prejudice of admitting the inmate-witness' prior criminal record with its probative value. Of course when it relates to the conviction which accounts for the present incarceration it would rarely be an abuse of discretion to admit it. Other convictions are another matter and would be treated as in the case of any non-prisoner witness. However, an automatic decision by a trial court to permit the Government to cross-examine an inmate-witness concerning any or all prior criminal convictions, without carefully applying the balancing test we set forth in *Rosales,* would in and of itself be a clear abuse of discretion.

■ After a thorough review of the record, we are convinced that the trial court judge carefully weighed the prejudice of admitting the prior criminal records of the inmate-witnesses against its probative value and thus did not abuse his discretion.

Accordingly, we affirm the decision of the trial court.