**UNITED STATES of America, Plaintiff,**

v.

**Gregory STOREY, Defendant.**

**Criminal Action No. 96–40018–01–DES.**

United States District Court, D. Kansas.

April 15, 1997.

Charles M. Rogers, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, Thomas J. Bath, Jr., Bath Law Offices, P.A., Overland Park, KS, for defendant.

Thomas G. Luedke, Robin D. Fowler, Office of U.S. Atty., Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on Government's Second Motion for Protective Order (Doc. 212).

The government provided Mr. Storey with a 1994 Bureau of Prisons ("BOP") memorandum in which the defendant was deemed to be associated with the Aryan Brotherhood ("AB") gang because he ate meals with Mark Nyquist and Robert Mayes, "known" members of the AB. The defendant filed a Motion for Disclosure of Exculpatory, Favorable and Impeaching Evidence, in which he requested the production of documents which form the basis for the BOP's determination that Mr. Nyquist and Mr. Mayes are members of the gang. On February 24, 1997, the court granted this portion of the defendant's motion.

On March 19, 1997, the government provided Mr. Storey with a seven-page BOP summary of the information on which it bases its belief that Mr. Mayes and Mr. Nyquist

are members of the AB. The documents were redacted to remove the names of persons providing information on the AB, and also the names of certain suspected AB members. On March 26, 1997, the government produced Disruptive Group Criteria—Validation Worksheets on Mr. Nyquist and Mr. Mayes. The worksheets indicate those criteria on which the BOP relied in classifying the inmates as members of the AB, e.g., group photos of AB members, tattoos, and copies of documents created by staff members and by the inmates themselves. The defendant sought production of the material deleted from the BOP summary and the material identified in the validation worksheets. The government filed the instant motion on March 31, 1997, asking the court to issue a protective order precluding additional disclosure of information from the BOP files concerning Mr. Mayes and Mr. Nyquist.

Fed.R.Crim.P. 16(d)(1) provides that "[u]pon a sufficient showing the court may at any time order that ... discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate." Such orders are appropriate where there is reason to believe that a person would be subject to physical harm if his identity is revealed. Fed.R.Crim.P. 16 advisory committee notes on 1974 amendment. Whether to enter an order pursuant to Rule 16(d)(1) is within the trial court's discretion. *United States v. Delia*, 944 F.2d 1010, 1018 (2d Cir. 1991).

The United States argues that further disclosure of information from the BOP files concerning Mr. Mayes' and Mr. Nyquist's involvement with the AB would create safety concerns for inmates and security concerns for the BOP. The court does not believe that the government exaggerates the security risk involved. In *United States v. Rosales*, 680 F.2d 1304, 1305 (10th Cir.1981), the Tenth Circuit denied the defendant's motion for disclosure as to potential inmate witnesses, despite the fact that the defendant was incarcerated in segregation. The court found that "[c]oncern for the safety of the witnesses was reasonable in view of their presence in a maximum security prison." *Id.* at 1305; *see also United States v. Mills*, 641 F.2d 785, 790

(9th Cir.1981) ("The need to protect those who cooperate with the government is especially compelling ... where the witnesses are prison inmates who live in fear of retaliation for providing evidence against fellow inmates. Depriving them of that protection also jeopardizes the likelihood of future cooperation by prison inmates.")

The government has provided Mr. Storey with a summary of the information he seeks. The court finds that this summary is sufficient to apprise the defendant of the basis for the BOP's determination that Mr. Nyquist and Mr. Mayes are members of the AB.

**IT IS THEREFORE BY THE COURT ORDERED** that the Government's Second Motion for Protective Order (Doc. 212) is granted.