**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARREN HOWELL,

Defendant - Appellant.

No. 01-2147

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO
### (D.C. NO. CR-99-904-LH)

---

Michael A. Keefe, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Clay G. Guthridge, Attorney, United States Department of Justice, Washington, D.C. (Ralph F. Boyd, Jr., Assistant Attorney General, United States Department of Justice, Washington, D.C.; Jessica Dunsay Silver, Attorney, United States Department of Justice, Washington D.C.; David Iglesias, United States Attorney, Albuquerque, New Mexico; Tara C. Neda, Assistant United States Attorney, Albuquerque, New Mexico; with him on the brief) for Plaintiff-Appellee.

---

Before **BRISCOE** , **ALARCON** ,[*] and **ANDERSON** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

---

[*]The Honorable Arthur L. Alarcon, Circuit Judge, U.S. Court of Appeals, Ninth Circuit, sitting by designation.

Darren Howell was convicted by a jury of two counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242, committed during the course of his employment as a correctional officer at the San Juan County Detention Center in Aztec, New Mexico. He was sentenced to 87 months imprisonment, followed by three years of supervised release. Because we conclude that the district court violated Fed. R. Evid. 609(a)(1) in refusing to admit evidence for impeachment purposes of the nature of the prior felony convictions of numerous witnesses without first conducting the required balancing test under Rule 403, we reverse Howell's conviction and sentence and remand for further proceedings consistent herewith.

**BACKGROUND**

The incidents of which Howell was convicted occurred in late 1997 at the Detention Center. Elizabeth Stallings was booked into the Center on October 27, 1997. The guards had difficulty managing her because she was apparently under the influence of drugs or alcohol. Inmate Sandra Lucero testified that Howell asked her to start a fight with Stallings, but Lucero refused. Inmate Belinda Serrano testified that Howell asked her do the same thing, and she then hit Stallings twice in the jaw. Serrano testified that Howell asked her to beat

-2-

Stallings because Stallings was "giving the guards a hard time." R. Vol. IV, Tr. of Proceedings 8/15/00 at 136.

Inmate Levester Steen testified that he and Howell had a relationship involving drugs. Steen testified that Howell told him that inmate Randy Gilmore was a "snitch" and that he (Howell) and Gilmore had a prior problem concerning a drug deal. Steen testified that Howell indicated to him that he wanted Steen to beat up Gilmore. When Steen asked for proof that Gilmore was a "snitch," Steen testified that Howell gave Steen a copy of a probable cause statement showing Gilmore was a "snitch." Steen stated he held the statement up against the window of the adjoining cell block in which Gilmore resided, and the inmates in Gilmore's cell block proceeded to beat him up until Steen directed them to stop. Steen further testified that Howell rewarded him with cigarettes and marijuana.

Steen also testified that Howell asked him to beat up inmate Paul Collette because Collette owed Howell money for drugs and cigarettes. Steen stated he declined and another inmate beat up Collette. Inmate Mitch Westbrook testified to the same basic facts involving Howell, Steen and Gilmore. Westbrook also testified that Howell took him to visit with some police detectives to whom he was giving information and, after Westbrook returned to his cell, Westbrook's cellmate told him that Howell had told inmates that he (Westbrook) was talking with detectives, and soon thereafter several inmates beat up Westbrook.

-3-

Howell was indicted for the beatings of Stallings and Gilmore. In all, twelve inmates testified in support of the government's case against Howell. The defense presented testimony from five inmates. At a pretrial hearing to resolve contested issues concerning the admission of evidence at trial, there was a discussion about the admissibility under Fed. R. Evid. 609(a) of evidence of various witnesses' prior felony convictions, for impeachment purposes. Rule 609 provides as follows:

> (a) **General rule** . For the purpose of attacking the credibility of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed. R. Evid. 609(a). Rule 403, in turn, provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

During the course of the discussion, the prosecutor opined that the fact that a witness has a prior felony conviction is admissible under Rule 609, but not the nature of the conviction. Defense counsel disagreed, responding affirmatively when the court asked him if "what you want to do is to prove the nature of every conviction [and] the date of every conviction." R. Vol. III, Tr. of Proceedings 8/14/2000 at 10. Defense counsel also asked the court to determine the extent of the information admissible about a witness' felony conviction on a witness-by-witness basis. Id. at 9.

The court ruled on this issue as follows:

"[A]fter having thought back to other cases in which this issue came up, I have limited the testimony about convictions to the fact of conviction, unless there was no objection to it by the other side. And I think that that is the basis given in the federal rules of evidence for even permitting the evidence, that is, the fact of conviction, not what the conviction was for, with the exception of those convictions that are based upon fraud or dishonesty, failure to tell the truth, those kinds of convictions.

. . . So I'm going to limit the testimony with respect to impeachment based upon convictions to the fact of conviction, and if you want the date of conviction, number of convictions.

Id. at 50.

Howell argues on appeal that the district court's blanket exclusion of evidence of the "nature of [the] government witnesses' felony convictions without any reference to Rule 403, any discussion or findings concerning the pertinent factors, or any apparent awareness of the need to balance the probative value of

-5-

the evidence against the risk of prejudice" was an error which was not harmless and requires a reversal of his conviction. Br. of Appellant at 17. Because we agree with Howell on this point, we need not address the other issues he raises on appeal.

## DISCUSSION

We review the district court's decision to admit or exclude evidence for an abuse of discretion. <u>United States v. Lugo</u>, 170 F.3d 996, 1005 (10th Cir. 1999). A court abuses its discretion when its decision is based on an error of law. <u>United States v. Tan</u>, 254 F.3d 1204, 1207 (10th Cir. 2001).

In interpreting the scope of Rule 609, we begin with the Rule's relevant language. Rule 609 states " <u>evidence</u> that a witness . . . has been convicted of a crime <u>shall be admitted, subject to Rule 403</u>." Fed. R. Evid. 609(a)(1) (emphasis added). The questions this case presents are (1) whether the "evidence" of the prior conviction necessarily includes information about the nature of the conviction, or whether the mere fact of conviction is sufficient; (2) whether, before admitting such "evidence," the court must always conduct a Rule 403 balancing and whether it did so in this case; and (3) if we conclude that the court erred in excluding evidence about the nature of the government witnesses' felony convictions, whether that error necessitates reversal of Howell's conviction.

-6-

## I. Whether evidence of prior conviction includes the nature of the conviction

We have held in several cases involving the admissibility of prior convictions of the accused, that "[o]rdinarily, it is improper for the prosecution to examine into the details of the crime for which the accused was convicted. The cross-examination should be confined to a showing of the essential facts of convictions, the nature of the crimes, and the punishment." United States v. Albers, 93 F.3d 1469, 1479-80 (10th Cir. 1996) (quoting United States v. Wolf, 561 F.2d 1376, 1381 (10th Cir. 1977) (emphasis added)). While those statements in Albers and Wolf involved introduction of evidence of the accused's former felony conviction, not that of a simple witness, the Rule in fact demonstrates a greater concern about admitting potentially prejudicial information about the accused than about a mere witness. [1] Thus, we see no reason why we should interpret Rule 609(a)(1) to permit introduction of evidence of the nature of an accused's prior felony conviction, but not evidence of the nature of a witness's prior felony conviction. Accordingly, our relatively sparse case law supports

---

[1]The Rule provides that evidence of a prior conviction of a witness shall be admitted unless, pursuant to Rule 403, its probative value is substantially outweighed by its prejudicial effect. In contrast, evidence of a prior conviction of the accused shall be admitted unless its probative value is merely outweighed by its prejudicial effect. See 28 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 6134 at 230 (1993) ("Rule 609(a)(1) is intended to make it harder to admit conviction evidence when offered against an accused than it is when offered against another witness.").

Howell's argument that the "evidence" of a felony conviction for impeachment purposes under Rule 609(a)(1) ordinarily should include the nature of that felony conviction.

Furthermore, other circuits, as well as commentators, considering this issue have also held that "Rule 609(a)(1) requires a district court to admit evidence of the <u>nature</u> and number of a non-defendant witness' prior felony convictions." <u>United States v. Burston</u>, 159 F.3d 1328, 1336 (11th Cir. 1998) (emphasis added); <u>see also</u> <u>United States v. Fawley</u>, 137 F.3d 458, 473 (7th Cir. 1998) (noting that the court "has previously held that a prosecutor's questions on cross-examination must be limited to only whether the witness 'had previously been convicted of a felony, to <u>what the felony was</u> and to when the conviction was obtained'") (quoting <u>United States v. Dow</u>, 457 F.2d 246, 250 (7th Cir. 1972)) (emphasis added); <u>Doe v. Sullivan County</u>, 956 F.2d 545, 551 (6th Cir. 1992) (noting that, in a section 1983 action, evidence surrounding a witness's prior felony conviction should include "the <u>nature of the crime</u>, the number of counts, and the date of the disposition.") (emphasis added); <u>United States v. Guerue</u>, 875 F.2d 189, 190 (8th Cir. 1989) (holding that, with respect to a prior felony conviction of the defendant, "the district court should have admitted evidence of both the earlier conviction and its nature"). <u>See also</u> <u>generally</u>, 4 Jack B. Weinstein & Margaret A. Berger, <u>Weinstein's Federal Evidence</u> § 609.20[2] at 609-57 to -60 ("When a

prior conviction is admissible for impeachment, the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence. . . . It may also be improper for the trial court to limit impeachment to the mere fact of a prior conviction, without allowing the impeaching party to specify the nature and number of offenses involved. Circuits that have considered the impeachment of a non-defendant witness have concluded that Rule 609(a)(1) requires the trial court to admit evidence of the nature and date of each conviction, subject to Rule 403 balancing."); Wright & Gold, supra n.1, § 6134 at 221-27 (examining the various approaches and concluding that the best one, and the one most favored by courts and commentators, limits admissibility to the "essential facts" of the conviction, which include the number of convictions, the nature of each underlying crime, the time and place of each conviction, and the punishment).

Furthermore, we agree with the Eleventh Circuit's explanation of why information about the nature of a witness's felony conviction is relevant:

> The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number. Evidence of a murder conviction says something far different about a witness' credibility than evidence of a conviction for a minor drug offense, although both may constitute a prior felony conviction. Furthermore, evidence of fifteen murder convictions says something different about a witness' credibility than evidence of only one such conviction. We are not certain what evidence of two convictions for theft by taking, one conviction for armed robbery, and one conviction

> for aggravated assault says about [the witness'] credibility, but we are certain that the jury should have been given the opportunity to make that decision.

Burston, 159 F.3d at 1335 (footnote and citation omitted). We therefore conclude that the district court erred in adopting a blanket rule that the nature of the government witnesses' felony convictions was categorically inadmissible. We hold that, ordinarily, evidence of a witness's felony conviction shall include information about the nature of that conviction unless, after Rule 403 balancing, the probative value of such evidence is outweighed by its prejudicial effect.

## II. Rule 403 balancing

Rule 609 expressly states that the evidence of a felony conviction "shall be admitted, subject to Rule 403." Fed. R. Evid. 609(a)(1). Our cases have emphasized the mandatory nature of that Rule 403 balancing. See, e.g., Gust v. Jones, 162 F.3d 587, 596 (10th Cir. 1998) ("Rule 609(a)(1) requires, in addition to a threshold length and severity of punishment, an application of the balancing test of Federal Rule of Evidence 403.") (emphasis added); United States v. Begay, 144 F.3d 1336, 1338 (10th Cir. 1998) ("Rule 403 balancing applies unless the prior crime involves dishonesty or false statements.") (emphasis added); cf. United States v. Mejia-Alarcon, 995 F.2d 982, 987 n.2 (10th Cir. 1993) ("[A]ny final determination as to admissibility under Rule 609(a)(1) rests on a balancing

of the probative value and prejudicial effect of the conviction.") (emphasis added); United States v. Linn, 31 F.3d 987, 992 (10th Cir. 1994) (noting in dicta that "[i]n 609(a)(1), the rule requires the judge to weigh prejudice."); United States v. Owens, 723 F.2d 64, 65 (10th Cir. 1983) ("[A]n automatic decision by a trial court to permit the Government to cross-examine an inmate-witness concerning any or all prior criminal convictions, without carefully applying the balancing test we set forth in [ United States v.] Rosales [,680 F.2d 1304, 1306 (10th Cir. 1981)], would in and of itself be a clear abuse of discretion."). [2]

Moreover, we have indicated that we are more deferential to the district court's decision concerning the admissibility of evidence of a felony conviction where the court has conducted such balancing. See Begay, 144 F.3d at 1338 ("We

---

[2]While Mejia-Alarcon involved the attempted use of a prior felony conviction for impeachment of the accused, not a witness, Begay and Gust involved, respectively, the attempted use of a conviction to impeach a government witness and the attempted use of a conviction to impeach the plaintiff in a civil case. Thus, we have interpreted the Rule's statement that evidence of a witness's felony conviction shall be admitted "subject to Rule 403" to require 403 balancing.

Likewise, the Advisory Committee Note to the 1990 Amendments to Rule 609, in which the Rule 403 language was added, explains that "[t]he amendment reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant." Fed. R. Evid. 609, Advisory Committee Note.

. . . afford substantial deference when the district court has engaged in the balancing required by Federal Rule of Evidence 609."); United States v. Smith, 10 F.3d 724, 727 (10th Cir. 1993) ("[W]e give considerable deference to the district court where the court has engaged in the weighing process prescribed by" Rule 609.). We therefore conclude that the district court in this case should have conducted a Rule 403 balancing before determining to exclude all evidence of the witnesses's prior convictions other than the fact and date of such convictions. We now consider whether we are satisfied that it did in fact engage in such weighing.

In addressing situations involving the balancing of probative value against prejudicial effect of felony convictions used to impeach an accused, we have held that "this circuit has not adopted a requirement that trial courts make explicit findings in determining the admissibility of prior convictions. While explicit findings enable the appellate court to ensure the proper application of Rule 609, explicit findings are not 'an absolute requirement the nonperformance of which mandates reversal.'" United States v. Sides, 944 F.2d 1554, 1561 (10th Cir. 1991) (quoting United States v. Jackson, 627 F.2d 1198, 1208-09 (D.C. Cir. 1980) (further citations omitted)).

This is not a case, however, where we are confident the district court conducted the required balancing but simply failed to make explicit findings in the record. Rather, it appears the judge made a blanket ruling that the fact and

date of the witnesses' felony convictions could be admitted but nothing else and implicitly determined that no Rule 403 balancing was required. We hold that such a ruling was an abuse of discretion. In determining which essential facts, such as the nature of the conviction and their number, are admissible to impeach a witness, the court must conduct a Rule 403 balancing to weigh the probative value of such evidence against its prejudicial effect, its potential to confuse or mislead the jury, and any other pertinent Rule 403 considerations. While we do not require explicit findings in the record, we must be able to satisfy ourselves that the court engaged in such balancing before ruling on the admissibility of the evidence of a prior felony conviction. We can obtain no such satisfaction in this case. [3]

Finally, we do not suggest that courts must always admit evidence of the nature of a prior felony conviction. After conducting the Rule 403 balancing, the

---

[3]The government suggests that the district court must have agreed with the prosecutor's argument that the nature of the felony convictions of all the witnesses should be excluded to avoid "tit for tat" arguments, "battling out who's got the worst witness." R. Vol. III, Tr. of Proceedings 8/14/2000 at 15, 17. That, however, is a potential problem whenever there are witnesses testifying for different parties, each of whom has a prior felony conviction. That cannot, by itself, justify a blanket exclusion of evidence of the nature of all witnesses' felony convictions. Moreover, while the district court could, in conducting the Rule 403 balancing, determine that the admission of such evidence would, in the particular circumstances of the case before it, confuse, mislead or distract the jury, we simply cannot conclude that the court in this case conducted the required analysis to reach that conclusion.

court may determine that evidence of the conviction, or certain aspects of evidence of the conviction, are properly excluded. See United States v. Ford, 17 F.3d 1100, 1103 (8th Cir. 1994) ("It is within the district court's discretion to conclude that the nature of [the witness's prior felony conviction] might inflame the jury."). We simply hold that the court must conduct a Rule 403 balancing before determining what information about a witness's prior felony conviction, including its nature, should be admitted or excluded.

### III. Harmless error

Ordinarily, once we have determined that the court erred in its decision concerning the admission or exclusion of evidence concerning prior felony convictions of witnesses, we would "consider whether the error was harmless. Because defendant alleges no constitutional error, we [would] apply the harmless-error analysis of Kotteakos v. United States, 328 U.S. 750 (1946)." Mejia-Alarcon, 995 F.2d 982, 990 (10th Cir. 1993). Kotteakos provides that a non-constitutional error is harmless unless "the error . . . had substantial influence" on the outcome of the trial "or if one is left in grave doubt" as to its influence. Kotteakos, 328 U.S. at 765. "In the context of Rule 609, error is harmless if the witness' credibility was sufficiently impeached by other evidence, or if the

Government's case was strong enough to support a conviction even apart from the witness' testimony."   Burston , 159 F.3d at 1336.

However, this is not the typical case where we simply evaluate the entire record to determine whether the exclusion of the particular pieces of evidence had a substantial influence on the jury. Rather, this is a case where the court categorically excluded   all reference to the nature of the witnesses' prior felony convictions. It therefore did no 403 balancing at all, and, as a result, we cannot tell from the record the exact nature of those felony convictions, nor can we assess their potential influence on the jury's evaluation of the witnesses' credibility. Lacking any basis in this record for determining what would have been admissible, in whole or in part, had the court conducted the Rule 403 balancing, we are obliged to proceed on the assumption that all of the evidence of the nature of the witnesses' felony convictions would have been admissible.

Assuming that all such evidence should have been admitted, we have little trouble concluding that its exclusion had a substantial influence on the outcome of this case. The evidence against Howell was not overwhelming, and the jury encountered considerable difficulty reaching its verdict. As Howell argues, there was little evidence of motive for Howell to order the beating of Stallings, and there was evidence that many inmates had their own motive for beating Gilmore because several witnesses testified that there was a general awareness of the fact

that Gilmore was a "snitch" and that "snitches" were routinely beaten. Moreover, the jury deliberated for some seventeen to eighteen hours, and then informed the court that it was unable to reach a verdict. After going home for the evening, the jury was given an Allen instruction the following morning and deliberated for approximately an hour and one-half more before returning a guilty verdict on both counts.

Additionally, the vast majority of the evidence in support of the government's case was the testimony of the inmates with prior felony convictions. Twelve of the government's total of seventeen witnesses were those inmates. Their testimony was obviously crucial to the government's case against Howell. These inmate witnesses had prior convictions for, among other things, intimidation of a witness, aggravated battery, burglary, drug offenses and firearms offenses. R. Vol. III, Tr. of Proceedings 8/14/00 at 8-9. The prosecutor indicated that one or two of them had homicide convictions. Id. at 18.[4] Although we note that there was some impeaching evidence presented with respect to some of these witnesses,[5] given the fact that the government's entire case rested primarily on the

---

[4]As indicated above, because of the court's ruling, we do not know the exact nature of all the witnesses' prior felony convictions.

[5]A guard testifying for the government said that witnesses Serrano and Lucero were probably not honest people. Two guards testifying for the defense stated that Steen was probably not truthful. The jury also learned that several inmate witnesses had received immunity in exchange for their testimony against

(continued...)

testimony of inmates with multiple prior felony convictions, and that the jury obviously found the case to be extremely close, we cannot say it was harmless error to categorically exclude all evidence, for impeachment purposes, of the nature of those inmates' prior felony convictions without conducting the required Rule 403 balancing. Cf. United States v. Cavender, 228 F.3d 792, 799-800 (7th Cir. 2000) (holding that exclusion of evidence of prior felony conviction of key government witness was not harmless with respect to defendant against whom the government had little other evidence).

## CONCLUSION

For the foregoing reasons we REVERSE Howell's conviction and sentence and REMAND this case.

---

[5](...continued)
Howell and that several had used aliases in the past.