**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FREDERICK OLUWOLE SOLARIN,

Defendant-Appellant.

No. 06-1450
(D.C. No. 05-cr-311-PSF)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Frederick Oluwole Solarin was convicted by a jury on a two-count indictment charging armed bank robbery and using or carrying a firearm during and in relation to a crime of violence. *See* 18 U.S.C. § 2113(a), (d); *id.* § 924(c). The district court sentenced him to 244 months' imprisonment. Mr. Solarin

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeals his conviction, arguing (1) that the district court abused its discretion in admitting evidence of a prior conviction and (2) that the evidence was insufficient to establish guilt. We affirm.

## I. BACKGROUND

On June 27, 2005, several men carrying firearms entered a US Bank in Aurora, Colorado, and robbed it at gunpoint, taking $26,000 in cash. The robbers were disguised with hats and bandannas. Later that day Mr. Solarin and a friend, both wearing brand-new clothes with the price tags still on, went to a Sprint kiosk where Mr. Solarin purchased a cell phone, paying out of a wad of cash containing many hundred-dollar bills. His friend also displayed a large wad of bills. Mr. Solarin was not interested in any rebates, a circumstance that the salesman found suspicious. As a routine part of the transaction, the salesman photocopied Mr. Solarin's driver's license. That evening he learned of the bank robbery from a television newscast. Suspecting that his customers were involved, he promptly notified the FBI.

Mr. Solarin was arrested for violating his parole on a prior offense. While being questioned on July 1, he confessed to the bank robbery and identified himself as one of the robbers in the surveillance photos of the robbery. A search of his home turned up a hat and a bandanna similar to those worn by one of the robbers and a .38 caliber revolver hidden in the garage. As a condition of his parole, Mr. Solarin had been wearing an ankle bracelet that indicated when he left

his home. The ankle monitor showed that he was away from his home at the time of the robbery.

At trial Mr. Solarin represented himself, with the aid of advisory counsel. In his opening statement to the jury, he said: "Now, there is another thing that the prosecution talked about, about me being on parole. And, I mean, there is no denying that. But me being on parole doesn't mean I am a robber." R. Vol. V, at 143.

During Mr. Solarin's cross-examination of the investigating FBI agent, the following exchange took place:

| Mr. Solarin: | My biggest concern with you is what happened after the robbery and what happened within your investigation. Now, I understand Tuesday, was it, that you contacted [a parole officer] from DOC parole? |
| --- | --- |
| FBI agent: | That would be correct. |
| Mr. Solarin: | And can you detail the information that she provided you with? |
| FBI agent: | Yes. That she told me that you were on parole, and it was for a robbery charge, and that you had been associating with another person . . . who was also on parole. |

*Id.* Vol. VI, at 260. In response to Mr. Solarin's objection to the agent's revelation that his prior conviction was for robbery, the district court said: "He simply stated what he was informed in response to a question by you. . . . You opened the door. You asked him the information, you have to live with the

consequences of the answer you received. The objection is overruled." *Id.* at 261.

Later Mr. Solarin testified in his own defense. He denied any connection to the robbery. Regarding his prior offense, he said:

> [I]t is no secret, I got in trouble five years ago when I was 16 years old. Almost six years ago when I was 16 years old. And, I mean, you think about what goes on through a child's mind or child's life at that time, I mean, you can just like -- you can look at it and you can make your own decision on how, I mean, how you want to look at it.

*Id.* at 320.

During cross-examination of Mr. Solarin, the prosecutor asked him to state the title of the crime of which he had been convicted at age 16. Advisory defense counsel objected to telling the jury the title of the crime—aggravated robbery with intent to kill—because it was too similar to the title of the crime for which Mr. Solarin was on trial. Defense counsel argued that doing so would be unduly prejudicial to Mr. Solarin. The district court ruled as follows:

> I will allow the title to go in, no reference to incarceration and the dates. No doubt it is prejudicial, but not unduly prejudicial given that he did open the door to explain it. And I think that the jury is allowed to proceed on cross-examination of the title of the charge. So under [Rule] 403, the title of the charge . . . may be inquired of the witness, but no further details or explanation.

*Id.* at 341-42. The prosecutor then elicited testimony from Mr. Solarin that on August 10, 2001, he had been convicted of aggravated robbery with intent to kill.

-4-

Mr. Solarin testified that he had confessed to the present robbery because he was "angry at what [he] was confronted with," and the authorities had told him that they would "make everything right" for him, but his confession was not true. *Id.* at 321.

## II. DISCUSSION

### A. Evidence of Prior Conviction

We first consider Mr. Solarin's claim that the district court committed reversible error in admitting the title of his prior conviction—armed robbery with intent to kill. "We review a district court's admission of evidence for an abuse of discretion." *United States v. DeLuna*, 10 F.3d 1529, 1531 (10th Cir. 1993).

Mr. Solarin maintains that this evidence should not have been admitted under Fed. R. Evid. 609, which permits evidence of a prior conviction under certain circumstances. He contends that Fed. R. Evid. 403 required exclusion of the evidence because "its probative value [was] substantially outweighed by the danger of unfair prejudice." He further asserts that the district court failed to conduct the required balancing of the probative value against the prejudicial effect of this evidence. *See United States v. Howell*, 285 F.3d 1263, 1269-70 (10th Cir. 2002) (district court must conduct Rule 403 balancing, although specific findings not required).

In evaluating Mr. Solarin's contention, we first observe that before the title of his prior offense was presented to the jury, it had already been informed that he

had been convicted of robbery. The FBI investigating agent had properly disclosed that fact in a responsive answer to Mr. Solarin's question: "[C]an you detail the information that [the parole officer] provided you with?" R. Vol. VI, at 260. Also, contrary to Mr. Solarin's claim, the district court clearly conducted the required balancing, acknowledging the prejudicial nature of the evidence but concluding that the prosecution was entitled to identify the prior conviction in light of the evidence already admitted.

Moreover, the district court limited the prior-conviction evidence to the title and date of conviction and instructed the jury that the prior conviction did "not mean that the defendant necessarily committed the act charged in this case." *Id.* Vol. I, Doc. 75, Court's Ex. 4, Instruction No. 17. Both of these actions support the district court's ruling.

We conclude that the district court did not abuse its discretion in admitting the evidence of Mr. Solarin's prior conviction. The evidence had little additional probative value, but it also caused little unfair prejudice; and introducing the title of the prior crime was proper to counter Mr. Solarin's suggestion that his offense had been just a childhood lapse.

**B.     Sufficiency of Evidence**

Mr. Solarin also contends that the evidence was insufficient to support his conviction because, even though he confessed, no witness identified him as one of the bank robbers.

We first reject Mr. Solarin's suggestion that his confession should not be considered because of pressure by the authorities. A motion to suppress a confession must be made before trial or it is waived. Fed. R. Crim. P. 12(b)(3)(C) & (e); *United States v. Miller*, 987 F.2d 1462, 1465 (10th Cir. 1993). Mr. Solarin did not move to suppress his confession or otherwise challenge its voluntariness before or during trial. Therefore, the district court did not err in permitting the jury to consider it. *See Miller*, 987 F.2d at 1465. In any event, Mr. Solarin does not argue on appeal that his confession should have been suppressed; rather, he asserts only that it was "questionable." Aplt. Br. at 18.

We review de novo a challenge to the sufficiency of the evidence, "viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government," and reversing the conviction "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Toles*, 297 F.3d 959, 968 (10th Cir. 2002) (internal quotation marks omitted). "An uncorroborated extrajudicial confession is not sufficient to sustain a criminal conviction." *United States v. Treas-Wilson*, 3 F.3d 1406, 1408 (10th Cir. 1993). The prosecution must produce "substantial independent evidence which would tend to establish the trustworthiness of the statement. . . . It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." *United States v.*

*Wiseman*, 172 F.3d 1196, 1212 (10th Cir. 1999) (internal quotation marks omitted).

Mr. Solarin's confession was corroborated by the cell-phone salesman's testimony, the ankle-monitor evidence, the bank surveillance photo, and the resemblance between the headgear found in his home and that worn by one of the robbers. Viewed in the light most favorable to the government, the evidence was sufficient to sustain the verdict.

## III. CONCLUSION

Mr. Solarin's conviction is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge