FILED
United States Court of Appeals
Tenth Circuit

October 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAURA SCHMIDT,

     Plaintiff-Appellant/Cross-
     Appellee,

v.

MEDICALODGES, INC.,

     Defendant-Appellee/Cross-
     Appellant.

Nos. 07-3347 & 07-3354
(D. Kansas)
2:06-CV-02260-JWL

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **SEYMOUR** and **HOLMES**, Circuit Judges.

Laura Schmidt brought an action against her former employer,

Medicalodges, Inc. ("Medicalodges"), for hostile work environment sexual

harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. §

2000e-2(a)(1).  She appeals the district court's denial of her motion for a new

trial after the jury found that Medicalodges was not liable for the harassment Ms.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH
CIR. R. 32.1.

Schmidt suffered at the hands of its employee, Shawn Garbin, because it proved the affirmative defense recognized in *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). Medicalodges appeals the district court's denial of its request for an award of statutory attorney fees. We affirm.

Ms. Schmidt was a nurse at the Kansas City facility of Medicalodges providing care to elderly patients.[1] During her employment, Shawn Garbin, the Director of Nursing, was Ms. Schmidt's immediate supervisor. Julie Melvin, the facility's administrator, was Garbin's immediate supervisor and answered to Cindy Frakes, a regional manager. In 2005, Garbin was immediately suspended after Medicalodges received a report that he had sexually harassed an employee, Angela Mitchell. Garbin was terminated after Ms. Frakes and Ms. Melvin investigated Ms. Mitchell's complaint and received evidence of additional complaints of sexual harassment against Mr. Garbin.

Ms. Schmidt did not complain of sexual harassment during her employment with Medicalodges. In her letter of resignation, she referred to her health and need to cut back from her many jobs. Ms. Schmidt asserted a claim against Medicalodges before the Equal Employment Opportunity Commission and the district court after she learned that a former Medicalodges employee was pursuing

---

[1] The undisputed facts are from the district court's opinion denying in part and granting in part Medicalodges' motion for summary judgment. *See Schmidt v. Medicalodges, Inc.*, 492 F. Supp. 2d 1302, 1304 (D. Kan. 2007).

an harassment claim.  The jury found in favor of Medicalodges.

Ms. Schmidt bases her request for a new trial on two arguments.  First, she contends the district court erred in admitting testimony that one of her witnesses lied on her employment application when she denied being convicted of a felony.  Ms. Schmidt argues that the testimony about a 1993 conviction for drug possession should have been excluded under Federal Rules of Evidence 609 and 403.  Second, she asserts that there was insufficient evidence to support the jury's finding that Medicalodges proved the *Faragher/Ellerth* affirmative defense.

Motions for a new trial are "not regarded with favor and should only be granted with great caution" in the sound discretion of the trial court.  *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991); *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993).  In reviewing for an abuse of discretion, we view "all the evidence in the light most favorable to the prevailing party." *Escue v. N. OK Coll.*, 450 F.3d 1146, 1156-57 (10th Cir. 2006).  "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

As to Ms. Schmidt's first argument, one of the critical issues before the jury was evaluation of the credibility of two of Ms. Schmidt's witnesses, Dorothy Joyner and Tonette Ealy.  Ms. Joyner and Ms. Ealy both testified they had left notes under Ms. Melvin's office door explaining that Mr. Garbin had sexually

harassed them. Ms. Melvin testified that she never received such notes. Medicalodges' counsel attempted to impeach Ms. Ealy, after she testified on cross-examination that she was a truthful person, by offering into evidence the employment application Ms. Ealy had submitted to Medicalodges in 2002. Ms. Schmidt's counsel objected, asserting that the conviction was too remote and that the employment application was not listed or produced in advance. Medicalodges' counsel countered "that he wished to impeach Ms. Ealy's credibility with evidence that she was not truthful in her application when she denied having been convicted of a crime, when in fact she had been convicted of a drug offense in 1993." *Schmidt*, 523 F. Supp. 2d at 1258. The district court sustained Ms. Schmidt's objection, excluding the application and any documentary evidence of the conviction. But the court allowed Medicalodges' counsel to "ask Ms. Ealy whether she had made the particular representation in her application and whether she had in fact been convicted [of a crime], using the documents only to refresh her recollection if necessary."[2] *Id*. Immediately after Ms. Ealy admitted her misrepresentation regarding her conviction, the district court gave the jury a limiting instruction advising that the purpose of the question was solely so they could evaluate whether the witness had made inconsistent statements. *Id*. at 1259.

---

[2] Ms. Ealy later admitted that she had made a similar representation to her current employer.

The record does not indicate any objection to the questioning of Ms. Ealy about her lie on the employment application or about the conviction. "[A] party that has forfeited a right by failing to make a proper objection may obtain relief for plain error." *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007). "Plain error is that which is obvious, or which seriously affects the fairness or integrity of the trial." *United States v. Deters*, 184 F.3d 1253, 1258 (10th Cir. 1999) (citation and quotation marks omitted).

Ms. Schmidt contends Medicalodges violated Rule 609's advance notice and balancing requirements and that somehow cures her counsel's failure to object. Rule 609 addresses situations where a counsel attempts to impeach a witness by direct evidence of a criminal conviction. *See* FED. R. EVID. 609. Ms. Schmidt's argument ignores the important fact that the district court only allowed Medicalodges to impeach Ms. Ealy, a non-party-witness, by evidence of her untruthfulness on an employment application under Rule 608(b). *See Schmidt*, 523 F. Supp.2d at 1260 (citing *United States v. Norton*, 26 F.3d 240, 243-44 (1st Cir. 1994)). Rule 608(b) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

FED. R. EVID. 608(b).  Because Medicalodges' counsel impeached Ms. Ealy with evidence of her untruthfulness, not by evidence of a crime, the district court correctly concluded that the applicable rule was 608, not 609.  *See United States v. Redditt*, 381 F.3d 597, 602 (7th Cir. 2004) (Redditt's failure to identify her conviction on her employment application was relevant to her character for truthfulness, thus, the district court properly permitted questioning about those statements).

Ms. Schmidt is correct that Rule 608(b) is subject to the exclusion of evidence whose "probative value is substantially outweighed by the danger of prejudice."  FED. R. EVID. 403; *see also United States v. Olivo*, 80 F.3d 1466, 1470 (10th Cir. 1996).  Our review of the record, however, persuades us that "the district court conducted the required balancing but simply failed to make explicit findings in the record [at trial]. . . . [E]xplicit findings are not an absolute requirement the nonperformance of which mandates reversal."  *United States v. Howell*, 285 F.3d 1263, 1270 (10th Cir. 2002) (citation and quotation marks omitted).  Here, the court sufficiently explained in its written opinion how it conducted the required balancing and the basis for its exercise of discretion under Rule 608(b).

> In this case, Ms. Ealy's credibility became a material issue, as her testimony was directly refuted by Mr. Garbin and Ms. Melvin. Evidence that Ms. Ealy lied on her employment application was probative of her truthfulness. *See United States v. Girdner*, 773 F.2d 257, 260-61 (10th Cir. 1985) (under Rule 608(b), a party may

> cross-examine a witness about previous falsehoods as probative of truthfulness); . . . *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 462-63 (S.D.N.Y. 1988) (employment applications carry an obligation for truthfulness, such that falsehoods thereon may be probative of a lack of credibility under Rule 608(b)); *see also United States v. Drake*, 932 F.2d 861, 867 (10th Cir. 1991) (rejecting argument for exclusion under Rule 608(b); questions upon cross-examination do not constitute extrinsic evidence under that rule, even if they refer to records not in evidence).

*Schmidt*, 523 F. Supp. 2d at 1259-60.

In light of the limiting instructions to the jury, we conclude that the district court's exercise of its discretion to allow testimony probative of untruthfulness did not amount to plain error where the truthfulness of the non-party-witness played a material role. *See Pinkham v. Me. Cent. R.R. Co.*, 874 F.2d 875, 878-79 (1st Cir. 1989) (where witness lied on employment application concerning prior convictions, evidence was relevant to witness' credibility, and the court's limiting instruction lessened any prejudicial impact under Rule 403).

Ms. Schmidt also contends the jury verdict based on the *Faragher/Ellerth* defense was against the overwhelming weight of the evidence. Under *Faragher/Ellerth*, an employer may be vicariously liable for a hostile work environment unless it can prove by a preponderance of the evidence: "(1) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Pinkerton v. Colo. Dept. of Transp.*, 563 F.3d 1052, 1058-59 (10th

Cir. 2009) (citing *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807) (internal quotation marks omitted).

As to the first prong of the *Faragher/Ellerth* defense, the record reflects the jury was presented sharply conflicting evidence addressing whether Medicalodges had a sufficient anti-harassment policy and training, ignored prior complaints, failed to discipline Mr. Garbin for alleged previous sexual assaults, or whether its policy prohibited retaliation for complaining. For instance, the jury was presented with evidence that Medicalodges had an extensive policy prohibiting harassment, provided booklets containing the policy to all employees, trained its employees, "required reporting of harassment, provided numerous avenues for complaints, provided for prompt and confidential investigation of complaints, provided for immediate suspension of an alleged harasser, and prohibited retaliation for complaints." *Schmidt*, 523 F. Supp. 2d at 1262. The parties also presented contradictory evidence regarding whether other individuals had submitted reports of sexual harassment by Garbin to Medicalodges.[3] The jury also heard that Medicalodges terminated Garbin soon after it received a complaint of sexual harassment.

As to the second prong of the defense, there was conflicting evidence

---

[3] Although Schmidt contends notice of a prior complaint by Angela Mitchell to her supervisor about sexual harassment by Mr. Garbin must be imputed to defendant, the supervisor testified he did not pass along that complaint after Ms. Mitchell urged him not to do so "because the incident would probably blow over." *Schmidt*, 523 F. Supp. 2d at 1262.

regarding whether Ms. Schmidt unreasonably failed to take advantage of the corrective opportunities provided by Medicalodges. Ms. Schmidt contends she did not report Garbin's behavior because she feared retaliation, and that any complaint would have been futile. To refute Ms. Schmidt's allegation, Medicalodges provided the jury with relevant sections of its policy prohibiting retaliation based on reports of harassment. In addition, Ms. Schmidt admitted she reported Garbin's alleged excessive use of profanity to Ms. Melvin without fear of retaliation. "Jury findings on sharply conflicting evidence are conclusively binding on appeal inasmuch as jurors are charged with the exclusive duty of assessing the credibility of witnesses and determining the weight to be given to their testimony." *White,* 710 F.2d at 1443. "Thus, even if we do not necessarily agree with the jury's verdict, it must be upheld unless it is clearly, decidedly or overwhelmingly against the weight of the evidence." *Escue*, 450 F.3d at 1156-1157 (internal citations and quotation marks omitted). The jury verdict in this case is not decidedly against the weight of the evidence.

In its cross-appeal, Medicalodges asserts the district court erred when it refused to award it attorneys fees and expenses under 42 U.S.C. § 2000e-5(k). Section 2000e-5(k) provides that the district court, in its discretion, may award the *prevailing party* in a Title VII action reasonable attorney fees. *See* 42 U.S.C. § 2000e-5(k). But the Supreme Court has made clear that a Title VII defendant is not entitled to an award of fees unless the court finds that the plaintiff's "claim

was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *see also EEOC v. PVNF, LLC*, 487 F.3d 790, 807 (10th Cir. 2007) (same). Medicalodges does not assert that Ms. Schmidt's claim was "frivolous, unreasonable, or groundless," or that she "continued to litigate after it clearly became so." *Id.* We decline Medicalodges' invitation to ignore clear Supreme Court precedent supporting the denial of attorney's fees in these circumstances.

We **AFFIRM**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge