**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FREDERICK OLUWOLE SOLARIN,

    Defendant - Appellant.

No. 22-1052
(D.C. No. 1:05-CR-00311-CMA-KMT-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Frederick Oluwole Solarin, a pro se federal prisoner, appeals from the denial of his latest motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  We affirm.

I

Mr. Solarin is serving a 244-month sentence on his convictions for armed bank robbery and using or carrying a firearm during and in relation to a crime of violence.  We

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We afford Mr. Solarin's pro se materials a liberal construction.  *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

affirmed his convictions on direct appeal. *United States v. Solarin*, 250 F. App'x 887, 888 (10th Cir. 2007). On September 11, 2020, he filed a pro se motion for compassionate release under § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. *See United States v. McGee*, 992 F.3d 1035, 1041-42 (10th Cir. 2021) (explaining that § 3582(c)(1) used to authorize only the Director of the Bureau of Prisons to file motions for sentence reductions, but the First Step Act authorized defendants to file motions for compassionate release on their own behalf). Under § 3582(c)(1)(A)(i), a district court may reduce a defendant's sentence if, after considering the applicable sentencing factors at 18 U.S.C. § 3553(a), the court concludes that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2]

Mr. Solarin claimed he should be released based on two chronic medical conditions (an eye condition and painful keloid scarring on his head and neck) and what he asserted was his inability to obtain adequate medical care. In supplemental pleadings filed through counsel, he also argued that prison restrictions imposed due to the

---

[2] District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that . . . discretion . . . is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021). The relevant policy statement, U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 (U.S. Sent'g Comm'n), has not been amended since enactment of the First Step Act, so it is not applicable to motions for compassionate release filed by defendants. *See Maumau*, 993 F.3d at 834-37; *McGee*, 992 F.3d 1048-50. Thus, the district courts' "discretion is not restricted by any Sentencing Commission policy statements, although it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance." *United States v. Hald*, 8 F.4th 932, 938 n.4 (10th Cir. 2021) (citation omitted), *cert. denied*, 142 S. Ct. 2742 (2022).

COVID-19 pandemic were exacerbating his difficulty obtaining adequate medical care and that the § 3553(a) factors weighed in favor of reducing his sentence.

On January 28, 2021, the district court denied the motion. The court noted that USSG § 1B1.13 describes several medical conditions that constitute extraordinary and compelling reasons for a sentence reduction, *see id.* § 1B1.13, cmt. n.1.A, but a reduction could not be granted if the court found he was "a danger to the safety of any other person or to the community," *id.* § 1B1.13(2). The court determined that his medical conditions were extraordinary and compelling reasons that might warrant a sentence reduction. But the court indicated that, based on its consideration of *both* the § 3553(a) factors and § 1B1.13, Mr. Solarin was not entitled to relief because he was a danger to public safety. The court explained he had been on probation for aggravated robbery when he committed the underlying offenses in this case; he was twelve years old when he began engaging in criminal conduct; his criminal history includes convictions for crimes of assault involving the use of weapons; the underlying crime here was a violent bank robbery in which he brandished a gun at multiple people and threatened to kill them; he was considered a recidivism risk by both the Bureau of Prisons (BOP) and the probation system and he had two recent prison disciplinary reports; and a reduction would likely impede his ability to obtain medical care because documents submitted by the government indicated he had an active detainer against him on a state charge for aggravated robbery with intent to kill.

On April 19, 2021, Mr. Solarin moved for reconsideration. He maintained that his medical conditions were extraordinary and compelling reasons for a sentence reduction, but he also argued that his criminal history was overrepresented in his sentence, which

had been improperly enhanced. Additionally, he noted in passing that our then-newly issued decision in *United States v. Maumau*, 993 F.3d 821, 836 (10th Cir. 2021), held that § 1B1.13 does not apply to defendant-filed motions for compassionate release, so the court should reconsider its decision on that basis. *See* R., vol. 1 at 75.

The district court was unpersuaded. The court denied the motion to the extent it repeated arguments or raised new ones that could have been previously raised. Further, the court acknowledged that, under *Maumau*, § 1B1.13 does not apply to prisoner-filed motions for compassionate release. But the court pointed out that even though it had found Mr. Solarin's medical conditions were extraordinary and compelling reasons for a sentence reduction, its analysis of the § 3553(a) factors independently warranted the denial of relief. Consequently, on July 12, 2021, the court concluded there was no basis for granting reconsideration. Mr. Solarin did not appeal.

Instead, on January 21, 2022, Mr. Solarin filed his present motion for compassionate release, repeating many of the same arguments previously rejected by the district court. He maintained that his medical conditions, the COVID-19 pandemic, sentencing errors, and his difficulty obtaining adequate treatment were all extraordinary and compelling reasons for granting compassionate release. He also argued that state officials had improperly lodged a detainer against him and that the § 3553(a) factors weighed in his favor.

On February 4, 2022, the district court summarily denied the motion, explaining it had denied Mr. Solarin's first motion for compassionate release after considering both the § 3553(a) factors and § 1B1.13 and finding that he posed a danger to public safety. The

4

court noted that it also denied his motion for reconsideration and that his latest motion for compassionate release raised no new grounds for relief and simply repeated previous arguments. This appeal followed.[3]

II

Under § 3582(c)(1)(A)(i), a district court may grant a motion for a sentence reduction only if three criteria are satisfied:

> (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*McGee*, 992 F.3d at 1042. The court may deny the motion if any of these criteria are not satisfied, without addressing the others. *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2742 (2022). Indeed,

> [i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.

*Id.* at 942-43.

"We review a district court's order denying relief on a § 3582(c)(1)(A) motion for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (internal quotation marks omitted).

---

[3] The notice of appeal was timely only as to the February 4, 2022, order, which is the only order designated in the notice of appeal.

On appeal, Mr. Solarin acknowledges we may "uphold the District Court's denial [of relief] on [its] independent § 3553(a) analysis." Aplt. Opening Br. at 5. Nonetheless, he contends the district court incorrectly predicated its denial of relief on § 1B1.13(2), which does not apply to prisoner-filed motions for compassionate release like his. He also contends the district court improperly determined he was rehashing previous arguments without considering the alleged sentencing errors he raised and that it incorrectly evaluated the § 3553(a) factors. We evaluate these issues in turn.

### A.    The District Court Was Not Restricted by § 1B1.13

At the outset, we reject Mr. Solarin's contention that the district court incorrectly predicated its denial of relief on § 1B1.13(2), which requires denial of a motion for compassionate release if the court finds the defendant is "a danger to the safety of any other person or to the community." Although § 1B1.13 is inapplicable to prisoner-filed motions, there is no abuse of discretion when the district court merely looks to § 1B1.13 for guidance. *Hald*, 8 F.4th at 938 n.4. Here, the district court cited § 1B1.13(2) in finding that Mr. Solarin continued to pose a danger of reoffending to the community. But the court also referred to, and relied on, its previous evaluation of the § 3553(a) factors in which it determined that he posed a danger to public safety. And when the court denied reconsideration, it expressly stated that its analysis of the § 3553(a) factors independently warranted denial of relief. Thus, because the district court predicated its denial of relief on its independent analysis of the § 3553(a) factors and merely referenced § 1B1.13(2) for guidance, this argument is unavailing.

### B. Repeat Arguments

Next, Mr. Solarin contends the district court incorrectly characterized his motion as rehashing previously rejected arguments. He does not deny that he sought a sentence reduction based on his medical conditions and difficulties obtaining adequate care. Rather, he says the district court failed to recognize that he also raised new grounds for relief based on alleged sentencing errors stemming from calculation mistakes and the overrepresentation of his criminal history. *See, e.g.*, Aplt. Opening Br. at 5-7. But in denying Mr. Solarin's motion, the district court observed that he "object[ed] again to the Court's consideration of the 18 U.S.C. § 3553(a) sentencing factors and *his original guideline sentence* in this case,"—arguments the court deemed "an improper third bite at the apple." R., vol. 1 at 151 (emphasis added). Indeed, as we noted above, Mr. Solarin's motion for reconsideration raised the alleged sentencing errors as new grounds for relief, *see id.* at 67-70, which the district court presumably declined to consider because they were an improper basis for seeking reconsideration, *see id.* at 94 (explaining that a motion for reconsideration "'is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing'" (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000))). Thus, the district court correctly recognized Mr. Solarin was indeed rehashing previously rejected arguments.

### C. Section 3553(a) Factors

Finally, Mr. Solarin contends the § 3553(a) factors weigh in favor of a sentence reduction. We will not reweigh the § 3553(a) factors, however. *See United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020). "Because the weighing of the § 3553(a)

7

factors is committed to the discretion of the district court, we cannot reverse unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Hald*, 8 F.4th at 949 (internal quotation marks omitted). We perceive no basis for reversing.

The district court referenced its initial decision denying relief, which essentially tracked the § 3553(a) factors. As explained above, the court had observed that Mr. Solarin was on probation for a different aggravated robbery conviction when he committed the underlying aggravated robbery in this case. *See* § 3553(a)(1) (nature and circumstances of the offense). The court noted his criminal convictions, including multiple offenses for assault involving weapons, began at the age of twelve. *See id.* (history and characteristics of defendant). The court indicated that the underlying bank robbery was a violent offense in which Mr. Solarin brandished a gun and threatened to kill several victims. *See* § 3553(a)(2)(A) (seriousness of offense). Additionally, the court noted that both the BOP and probation had classified him as a high risk for recidivism and that he had two recent prison disciplinary infractions. *See* § 3553(a)(2)(B) (deterrence to criminal conduct). The court stated that Mr. Solarin presented a risk of danger to the public safety. *See* § 3553(a)(2)(C) (protecting the public from further crimes). And the court noted an early release might delay his ability to obtain necessary medical care, particularly given that he was subject to a detainer on the state charge. *See* § 3553(a)(2)(D) (provision of needed medical care). The district court did not abuse its discretion in weighing these factors.

Mr. Solarin contends the district court put too much weight on the risk of danger he posed because he has nearly completed his sentence. That argument effectively asks us to reweigh a factor, which we will not do. He also contends that the district court improperly relied on the BOP's recidivism assessment, which, he says, was premised on the alleged sentencing error involving his overrepresented criminal history score. But we cannot say the district court clearly erred in relying on the BOP's recidivism assessment when the alleged sentencing error upon which it was based is beyond the scope of these proceedings. Neither do we share Mr. Solarin's concern that the district court overemphasized the potential that early release might delay his ability to obtain necessary medical care. The court explained that he is subject to a state detainer for aggravated robbery, which could impede his ability to obtain treatment during the pendency of his transfer to state custody. In short, nothing raised by Mr. Solarin leaves us with "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Hald*, 8 F.4th at 949 (internal quotation marks omitted).

### III

The district court's judgment is affirmed. Mr. Solarin's motion to proceed on appeal without prepayment of fees and costs is granted.

Entered for the Court

Jerome A. Holmes
Chief Judge

9