**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENUH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

FREDERICK OLUWOLE SOLARIN, JR.,

  Defendant - Appellant.

No. 09-1575

(D. Colorado)

(D.C. Nos. 1:07-CV-02656-CMA and 1:05-CR-00311-CMA-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Frederick Oluwole Solarin, appearing pro se, requests a certificate of appealability (COA) to appeal the district court's denial of his motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal dismissal of § 2255 motion). Because no reasonable jurist could conclude that Mr. Solarin's § 2255 motion should have been resolved in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we deny his request for a COA and dismiss this appeal.

Mr. Solarin was convicted in the United States District Court for the District of Colorado of armed bank robbery, *see* 18 U.S.C. § 2113, and using or carrying a firearm during and in relation to a crime of violence, *see id.* § 924(c).

He was sentenced to 244 months' imprisonment and unsuccessfully appealed the sentence. *See United States v. Solarin*, 250 Fed. App'x 887 (10th Cir. 2007) (unpublished).

The underlying facts are set forth in our Order and Judgment on Mr. Solarin's prior appeal and need not be repeated. The critical fact underlying Mr. Solarin's present claim is that when he was being investigated as a suspect in the bank robbery, he was initially arrested on a charge of violating the conditions of his parole on a state conviction. Only after FBI agents interviewed him while he was in state custody (and he confessed) did federal authorities charge him with the robbery and obtain his transfer to federal custody.

On December 20, 2007, Mr. Solarin filed a § 2255 motion raising the following claims: First, he contended that although his arrest was ostensibly for a parole violation, it was really a federal arrest for robbery, and that therefore probable cause was required to arrest him and he had to be arraigned promptly before a federal judge. Because the federal agents lacked probable cause and because he was not promptly arraigned, his confession while in state custody was the fruit of illegality and must be suppressed. Second, he contended that his confession was involuntary because the FBI agents who interviewed him psychologically coerced him by pointing out the seriousness of his situation. Third, he contended that his trial counsel was ineffective in the manner that she challenged his confession and in advising him not to testify at the suppression

hearing. Mr. Solarin also contended that his claims were not procedurally barred by his failure to raise them on direct appeal, because that failure was the result of ineffective assistance of his appellate counsel.

The magistrate judge issued a recommendation that Mr. Solarin's § 2255 motion be dismissed. After the magistrate judge issued her recommendation, Mr. Solarin filed a motion to amend his § 2255 motion by adding correspondence with his attorneys and documents from his state proceedings. The district court denied the motion on the ground that it was "untimely and unnecessary, given the record before it." R. at 204. On November 3, 2009, the district court adopted the magistrate judge's recommendation over Mr Solarin's objections. It also denied Mr. Solarin a COA.

In this court Mr. Solarin repeats the claims made in his § 2255 motion. He also objects to the district court's denial of his motion to amend his § 2255 motion.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. If the motion was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial

showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id.*

Mr. Solarin's claims lack merit for essentially the reasons set forth in the magistrate judge's recommendation and the district court's opinion. He has failed to show any impropriety in the state arrest of Mr. Solarin for violating his parole. When a possible bank robber is at large, there is nothing wrong with law-enforcement agencies cooperating and using the simplest means to take him into custody. *See United States v. Chadwick*, 415 F.2d 167, 171 (10th Cir. 1969) ("Active cooperation between state and federal authorities in the enforcement of criminal laws . . . should be encouraged."). And Mr. Solarin's claim that his confession was involuntary likewise lacks merit. Internal pressures felt by a Mirandized suspect do not constitute coercion. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

Because Mr. Solarin's challenges to his arrest and confession fail on the merits, he was not prejudiced by any inadequacy of his appellate counsel. *See Cannon v. Mullin*, 383 F.3d 1152, 1177 (10th Cir. 2004) (counsel cannot be ineffective for failing to pursue meritless claims). And as for his claim of

-4-

ineffective assistance of trial counsel, he has likewise failed to present any assertion, much less evidence, of how he was prejudiced. In particular, although he complains that his counsel advised him not to testify at the suppression hearing, he has not set forth any specifics regarding what he would have testified to. *See United States v. Meacham*, 567 F.3d 1184, 1188 (10th Cir. 2009).

Finally, we see no merit to Mr. Solarin's claim that the district court erred in not permitting him to submit additional documents in the form of an amended complaint. The court said that the materials were "unnecessary, given the record before it." R. at 204. We agree that they contained nothing material.

Thus, no reasonable jurist could debate that the issues should have been resolved differently by the district court.

Accordingly, we DENY a COA and DISMISS the appeal. We DENY Mr. Solarin's January 19, 2010, Motion for Judicial Notice and February 8, 2010, Motion to Enlarge Record.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-5-