FILED
United States Court of Appeals
Tenth Circuit

July 9, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FREDERICK OLUWOLE SOLARIN,

    Defendant - Appellant.

No. 21-1090
(D.C. Nos. 1:16-CV-01615-CMA &
1:05-CR-00311-CMA-KMT-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Defendant Frederick Oluwole Solarin, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) from the district court's order dismissing certain motions for lack of jurisdiction and its denying another motion on its merits. We deny a COA and dismiss this appeal.

## I. BACKGROUND & PROCEDURAL HISTORY

In June 2005, a number of masked, gun-wielding men robbed a bank in Aurora, Colorado, taking $26,000 in cash. The FBI soon received a tip that Solarin may have been one of the robbers.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Solarin was then on parole for a juvenile conviction. Colorado state officials arrested Solarin, ostensibly on a parole violation, and booked him into jail. FBI agents then came to the jail and questioned him about the bank robbery. He waived his *Miranda* rights and confessed to participating in the robbery and carrying a gun in the process.

A federal grand jury soon indicted Solarin on one count of armed bank robbery, including aiding and abetting, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2; and one count of using or carrying a firearm during and in relation to a crime of violence, including aiding and abetting, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. Solarin pleaded not guilty and went to trial, testifying in his own behalf that his confession was false and coerced. The jury nonetheless convicted on both counts. The district court then sentenced him to a combined prison term of 244 months. He appealed and we affirmed. *See United States v. Solarin*, 250 F. App'x 887 (10th Cir. 2007).

Soon after our affirmance, Solarin filed a 28 U.S.C. § 2255 motion, claiming ineffective assistance of counsel for failure to argue that he had been arrested without probable cause. Specifically, he claimed the Colorado officials who arrested him never had any suspicion of a parole violation, but were instead acting on the FBI's orders to bring him into custody. He further claimed that the FBI did not have probable cause to arrest him before his custodial confession. Thus, in Solarin's view, the FBI had arranged to arrest him before anyone had probable cause to do so, in violation of the Fourth Amendment.

2

The government responded that "[e]ven if it was because of the federal investigation [that Colorado officials arrested Solarin], there was no proof that these State of Colorado folk were acting as mere puppets or handmaidens of the federal government." Suppl. R. at 30. In reply, Solarin borrowed this language and insisted that the Colorado officials were indeed "acting as mere puppets or handmaidens of the federal government." *Id.* at 48 (internal quotation marks omitted).

In its order resolving Solarin's motion, the district court attributed the puppets/handmaidens metaphor to Solarin instead of the government. But rather than analyzing the relationship between the FBI and the Colorado officers who arrested Solarin, the district court disposed of Solarin's argument by finding that the FBI had developed probable cause to arrest him before Colorado officials brought him into custody. In that light, the district court concluded that counsel's failure to raise the Fourth Amendment suppression theory created no prejudice (*i.e.*, Solarin would have lost the argument anyway), so Solarin's ineffective-assistance claim lacked merit. Accordingly, the district court denied Solarin's § 2255 motion. We denied a COA. *See United States v. Solarin*, 383 F. App'x 772 (10th Cir. 2010).

Solarin has since made multiple further attempts to collaterally attack his conviction. For present purposes, two challenges filed in 2016 are most relevant.

First, in March 2016, Solarin filed a pro se motion with the district court captioned "Motion for Relief from Judgment Pursuant to Rule 60(d)(1) & (3), Federal Rules of Civil Procedure[,] with Contemporaneous Request to Expand the Record Under Rule 7 of the Rules Governing Section 2255" ("Rule 60(d) motion").

3

R. at 243 (capitalization normalized).[1]  Solarin argued that the government had committed fraud on the court in 2008 when it "injected the words 'handmaidens' or 'puppets' into the language of [its response to Solarin's first § 2255 motion]." *Id.* at 251.  "[T]hat improper and misleading language was attributed to Solarin when it was created from whole cloth by the government to specifically direct the Court's attention away from the merits of Solarin[']s claims, his evidence, and supporting transcripts on the docket and in the government's possession." *Id.* at 252.  Thus, in his view, his first § 2255 motion "was not adjudicated but determined by deception." *Id.* at 253.  As for his request to expand the record, Solarin attached several documents, including a May 2014 declaration from a co-defendant asserting that Solarin had not participated in the bank robbery.

Second, in June 2016, Solarin filed a counseled § 2255 motion attacking his § 924(c) conviction in the wake of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591, 606 (2015), that the Armed Career Criminal Act's residual clause is unconstitutionally vague.  Solarin asserted that he had been convicted under § 924(c)'s similarly worded residual clause, so his conviction was likewise unconstitutional.

---

[1] The cited portions of Rule 60(d) state that "[t]his rule [*i.e.*, Federal Rule of Civil Procedure 60] does not limit a court's power to . . . (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court."  Solarin's citation to Rule 7 of the Rules Governing § 2255 Proceedings presumably refers to Rule 7(a), which says, "If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion."

Solarin's *Johnson*-based § 2255 motion was "second or successive" and this court had not granted him permission to file it at the time he presented it to the district court. *See* 28 U.S.C. § 2255(h). But he had a motion for authorization (MFA) pending in this court and he feared that the limitations period for successive § 2255 claims based on *Johnson* might run before this court issued its decision. He therefore filed the motion in the district court and moved to stay those proceedings until this court decided his MFA. The district court granted the stay, which apparently applied to both the § 2255 motion and the Rule 60(d) motion.

Meanwhile, this court abated Solarin's MFA. When the Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), that § 924(c)'s residual clause is unconstitutionally vague, we lifted the abatement and granted the MFA. The district court in turn lifted its stay and called for further briefing on the § 2255 motion in light of *Davis*.

Solarin soon filed a series of new motions with titles such as "Motion To Supplement Defendant's Section 2255 and Response," R. at 426, and "Emergency Motion For Summary Judgment," R. at 460. We will refer to these as the "post-abatement motions." They variously asserted that the district court improperly instructed the jury on the elements of aiding and abetting a § 924(c) violation, that it improperly calculated his sentencing guidelines range, and that Solarin was actually innocent (pointing again to the declaration from his co-defendant asserting he did not participate in the robbery).

The district court disposed of all pending motions in a single order. As to the Rule 60(d) motion, the court noted our statement in an unpublished disposition that "[n]o such thing as a Rule 60(d)(1) motion actually exists." *McIntosh v. Pruitt*, 832 F. App'x 540, 542 n.1 (10th Cir. 2020). Construing the motion as one under Rule 60(b) instead, the court held it was effectively an unauthorized successive § 2255 motion over which it had no jurisdiction. It therefore denied the motion on that basis. It likewise held that the post-abatement motions were unauthorized successive § 2255 motions and dismissed them for lack of jurisdiction. Finally, it denied the authorized § 2255 motion on its merits, pointing to recent decisions from this court establishing that aiding and abetting bank robbery falls within § 924(c)'s elements clause, so the unconstitutionality of the residual clause is immaterial.

Solarin timely filed a notice of appeal and moved for a COA from this court.

## II. LEGAL STANDARD

This appeal may not proceed unless we grant a COA, *see* 28 U.S.C. § 2253(c)(1)(B), and we may not grant a COA unless Solarin "ma[kes] a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2). This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing for his Rule 60(d) and post-abatement motions because the district court dismissed them on procedural grounds, namely, lack of jurisdiction. So he must also show that "jurists of reason

6

would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## III.   ANALYSIS

We will first address the Rule 60(d) motion, then the post-abatement motions, and conclude with the authorized successive § 2255 motion.

### A.   Rule 60(d) Motion

If Solarin's Rule 60(d) motion is, in substance, an attack on his conviction, it is "subject to the authorization requirements of § 2255(h)." *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). But "if the motion seeks to correct an error in the previously conducted § 2255 proceeding itself, it is not characterized as a successive motion," and does not need our authorization. *Id.* (internal quotation marks and brackets omitted). "[W]e look at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction." *Id.* at 1208.[2]

We have examined Solarin's Rule 60(d) motion and we find that, in substance, it attacks his conviction, rather than raising a genuine defect in prior § 2255 proceedings. Solarin complains about the puppets/handmaidens metaphor being attributed to him instead of the government, but it was in no sense fraud on the court in the § 2255 proceedings, for at least two reasons. First, it resulted from the district

---

[2] For this reason, Solarin's argument that the district court improperly recharacterized his Rule 60(d) motion as a Rule 60(b) motion is immaterial. The question is the motion's substance, not its caption or the authority under which Solarin purportedly brought it.

court's misunderstanding of which party proposed the metaphor, not from intent to deceive. *Cf. Thomas v. Parker*, 609 F.3d 1114, 1120 (10th Cir. 2010) (describing the high bar for establishing fraud on the court). Second, the misunderstanding was irrelevant because the district court avoided the question of whether Colorado officials were acting solely on the FBI's behalf and went directly to the question of whether the FBI had probable cause to arrest Solarin (or, in this case, to ask another agency to arrest him). *See Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985) (holding that police officers may make an arrest based on probable cause developed by other officers).

The basic purpose of Solarin's Rule 60(d) motion is to continue asserting his belief that his arrest violated the Fourth Amendment. This is further illustrated by the documents he attaches (presumably the documents he wishes to make part of the record through Rule 7 of the Rules Governing § 2255 Proceedings). These documents largely relate to his Fourth Amendment claim, or to a simple assertion of innocence.

In short, the Rule 60(d) motion is, in substance, an unauthorized second or successive § 2255 motion. *See Baker*, 718 F.3d at 1208 (refusing to exempt a motion nominally filed under Rule 60(d)(3) from § 2255(h)'s authorization procedure). The district court correctly dismissed it for lack of jurisdiction. Jurists of reason could not conclude otherwise, so we may not grant a COA as to that dismissal.

## B.    Post-Abatement Motions

The analysis as to the post-abatement motions is essentially the same.  The district court accurately identified them as raising new collateral attacks on Solarin's conviction—ones which this court had not authorized him to pursue.  So, again, the district court correctly dismissed those motions for lack of jurisdiction, and jurists of reason could not conclude otherwise.  Accordingly, we may not grant a COA as to those dismissals.

## C.    Authorized Successive § 2255 Motion

We authorized Solarin to file a successive § 2255 motion arguing that he had been convicted under § 924(c)'s residual clause, which the Supreme Court invalidated in *Davis*.  Addressing that argument on the merits, the district court held that Solarin's crime falls under § 924(c)'s elements clause, and so denied relief.

We need not examine the district court's reasoning because Solarin does not challenge it.  To be sure, he *says* "he can make a substantial showing of the denial of a constitutional right" as to "the district court's denial of [his authorized § 2255 motion]."  Aplt. Combined Opening Br. and Appl. for Certificate of Appealability at 25.  But he goes on to continue asserting fraud on the court, actual innocence, and a Fourth Amendment violation, never mentioning the district court's conclusion that he was convicted under § 924(c)'s elements clause.

"[P]erfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).  Necessarily, then, Solarin has not "made a substantial showing of the denial

9

of a constitutional right" on this issue, 28 U.S.C. § 2253(c)(2), so we must deny a COA.

## IV.    CONCLUSION

As to all issues before us, we deny Solarin's application for a COA and we dismiss this appeal.  We grant his motion to proceed without prepayment of costs or fees.

Entered for the Court

Timothy M. Tymkovich
Chief Judge